# IN THE COURT OF APPEALS OF IOWA

No. 14-0649
Filed December 10, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CORNELL MCGINNIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer,

Judge.


        Cornell McGinnis appeals his sentence of incarceration following his guilty

plea to willful injury.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney

General, Thomas J. Ferguson, County Attorney, and James Katcher, Assistant

County Attorney, for appellee.


        Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

McGinnis entered an *Alford* plea of guilty[1] to willful injury causing bodily injury. The district court accepted the plea and adjudged McGinnis guilty of willful injury in violation of Iowa Code section 708.4(2) (2013). At the sentencing hearing, McGinnis requested a suspended sentence. He was sentenced to an indeterminate term of no more than five years in prison. On appeal, McGinnis challenges his sentence, contending the district court abused its discretion in sentencing him to prison. Specifically, McGinnis claims (1) his "criminal history in recent years is not as egregious as the court makes it sound" and (2) the court failed to account for his deteriorating health.

Our review of the district court's sentencing decision is for the correction of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). The decision "to impose a sentence within statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Thomas*, 547 N.W.2d at 225. "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (upholding a variation of a guilty plea in which a defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence).

circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

The court gave the following reasons for its sentence:

> Mr. McGinnis, you do have a history of abusing yourself definitely. You also have a history of abusing other people and the rights of other people. You do have a very extensive criminal history, and, of course, we always try to rehabilitate individuals, and I can tell that through your history of interventions that are listed in pages 10, 11, and 12 of the presentence investigation report, we've done a lot through our criminal justice system to try to get you to figure out what you need to do to keep yourself out of jail and keep yourself out of prison. A lot of good people have devoted a lot of time, and our taxpayers have spent a lot of money trying to get you over the years throughout your entire adult life to figure out what you need to do to stay out of trouble and stop harming yourself and stop harming other people, and you still haven't figured it out. And you've been granted probation a number of times previously, and I note that all too often your probation ends up getting revoked.
> I agree with [the prosecutor] that you're one of those individuals who just does whatever it is he wants to do rather than what he's required to do. Even with prison sentences hanging over his head, you're one of those people who just decides you're going to do what you want to do, abuse yourself, abuse other people and ultimately have your probation revoked, so I don't trust that you'd be able to successfully satisfy the terms and conditions of probation anyway, and you do need to go to prison. And one of the reasons why I believe you need to go to prison is that you need to understand that with the history that you've developed for yourself, if you go out and commit crimes again in the future once you earn your parole from prison, just plan on going to jail or prison again, because we've done everything we can to try to help you figure things out short of going to prison, and so any decisions you make to violate our laws are very, very likely to result in you simply going to prison again.

The court stated, "This sentence is appropriate for your age, your history, and the reasons I have already stated on this record."  The court further stated it had considered McGinnis's "current medical situation" in determining the sentence.

The district court identified many reasons for imposing a sentence of incarceration, including: McGinnis's history of "abusing other people and the rights of other people"; his "extensive criminal history"; prior unsuccessful rehabilitative measures; his multiple probation revocations; his unlikely chances of reform; and the need to protect the public from further offenses—as well as McGinnis's age and health.  Each of these factors was pertinent to and properly considered in imposing the sentence in this case.  *See Johnson*, 513 N.W.2d at 519; see also Iowa Code § 907.5 (2013).  We conclude the district court did not abuse its discretion in imposing a term of incarceration.

**AFFIRMED.**