# IN THE COURT OF APPEALS OF IOWA

No. 14-1085
Filed March 25, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DANNY ALLEN YANECEK,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Johnson County, Stephen B. Jackson Jr., Judge.

     Danny Yanecek appeals from the sentence imposed following his guilty plea, asserting the district court erred in failing to provide sufficient reasons to support the terms of the sentence. **AFFIRMED.**

     Brian D. Johnson of Jacobsen, Johnson & Wiezorek, P.L.C., Cedar Rapids, for appellant.

     Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Nicholas Maybanks, Assistant County Attorney, for appellee.

     Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Danny Yanecek appeals the sentence imposed following his guilty plea. He asserts the sentencing court failed to provide sufficient reasons to support the terms of the sentence. We find the district court provided sufficient explanation for the sentence it imposed and we conclude the district court did not abuse its discretion in imposing a term of incarceration. Finding no abuse of discretion, we affirm.

## I. *Background Facts and Proceedings*

The State originally charged Yanecek with two counts: one count of sexual abuse and one count of dissemination and exhibition of obscene materials to a minor. It would serve no useful purpose here to repeat the factual basis for the charges. Yanecek and the State reached a plea agreement. Yanecek agreed to plead guilty to an amended charge of one count one count of enticing a minor, in violation of Iowa Code section 710.10(1) (2013), a class "C" felony, "and that sentencing would be open." In exchange for the plea, the State agreed to not pursue the original charges. At the sentencing hearing, the district court imposed a sentence of confinement for an indeterminate term not to exceed ten years, the maximum sentence allowed.[1] Yanecek now appeals.[2]

---

[1] Iowa Code § 902.9(1)(d) provides: "A class 'C' felon, not an habitual offender, shall be confined for no more than ten years . . . ."

[2] In his brief, Yanecek states error was preserved by filing a timely notice of appeal. "While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) (footnote omitted) (explaining that "[a]s a general rule, the error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court"). Nevertheless, error was preserved for our review because sentencing errors may be challenged on direct appeal absent an objection in the district court. *See State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010).

## II. Scope and Standard of Review

Our review of a district court's sentence is limited to the correction of legal error. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). Imposition of a sentence "within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

## III. Discussion

On appeal, Yanecek asserts the district court failed to provide sufficient reasons for imposing the maximum allowable term of incarceration, and that the court failed to adequately address mitigating factors.[3] "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). A sentencing court must state, on the record, its reason for selecting a particular sentence. *Barnes*, 791 N.W.2d at 827 (citing Iowa R. Crim. P. 2.23(3)(d)). "'A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing

---

[3] Although Yanecek recognizes his sentence will only be overturned upon an abuse of discretion by the trial court, or a defect in the sentencing procedure, such as trial court consideration of impermissible factors, he makes no such assertions in his appellate brief. For purposes of our analysis, we find an abuse of discretion allegation to be implied in Yancek's brief.

discretion.'" *State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989)).  Although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant."  *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).  "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered."  *Id.*

In rendering the sentence, the court stated:

> I decline to defer judgment in this matter, and I also decline to suspend the sentence in this matter for the reasons set forth by the State and due to the nature and circumstances of this crime. This crime was, among a number of things, a violation of trust and a serious abuse of trust to a defenseless person, and under the circumstances for the protection of the community and in order to provide for rehabilitation of [Yanecek] such that the community would be safe to have him released, I am going to impose a prison sentence in this case.  Additionally, for the reasons set forth in the presentence investigation report, I'm also imposing this sentence.

The sentencing court incorporated into its reasoning the presentence investigation report (PSI).  The PSI recommended an indeterminate term of incarceration not to exceed ten years.  The PSI took into consideration Yanecek's "social history and personal characteristics, including his age, lack of a verified criminal history and ties to the community, as evidenced by home ownership and long-term employment."  The PSI recommended incarceration for the following reasons:

> 1.  After considering the facts and circumstances of this offense.  This is an extremely serious offense in which [Yanecek] gained the trust of the victim (who was eleven years old) and the victim's family, engaged in various type of "grooming behaviors," then violated the trust and confidence he had established by enticing the defendant to engage in a variety sexually

inappropriate/illegal behaviors with him over an extended time frame.

2. After considering the statements made by the victim to law enforcement and the Child Protection Center, as well as the statements made by the victim's mother . . . in the Victim Impact Statement submitted to the Linn County Attorney.

3. Interventions in the institution, specifically sex offender treatment, can best meet [Yanecek's] needs at this time, and can be provided to him in a structured and secure environment.

4. After considering the Psychosexual Screening report prepared by Heidi Schroeder of the Department of Correctional Services.

5. This sentence will allow for the maximum amount of rehabilitation and accountability for [Yanecek], as well as provide the appropriate level of protection to the community.

The prosecutor made a strong case for imprisonment, noting

some cases are accidental, some cases are lapses in judgment, some cases are done when people are intoxicated, some cases people do things that they quickly regret and make up for. This is not one of those cases.

. . . .

[U]nder the circumstances here, on behalf of the citizens of the State of Iowa, we believe that an appropriate punishment to send a message to people like Mr. Yanecek and to the public that this is unacceptable conduct is to imprison [Yanecek] for this.

In prison he will get the adequate treatment he needs, society will be safe from him while he gets that treatment, and ultimately when he's released, which he will be some day, he will be in a condition and a place where he can be a member of our community and the community can be safe as well.

We find no abuse of discretion in imposing a term of incarceration.

Yanacek asserts the sentencing court gave his mitigating factors short shrift. As stated above, the sentencing court is not required to specifically acknowledge each claim of mitigation urged by a defendant. *Id.* And the fact that the court did not acknowledge each and every claim of mitigation does not mean the court did not consider each claim. *Id.* We reject Yanecek's suggestion

that the sentencing court's consideration of mitigating factors was somehow deficient.

A sentencing court has discretion in choosing statutorily authorized sentences. Iowa Code § 901.5. It is obvious from the record that the sentencing court selected a sentence if felt would provide maximum opportunity for rehabilitation of Yanecek, and for the protection of the community from further offenses by Yanecek and others. *See id.* We find the district court provides us with sufficient explanation for our review of the sentence imposed and we conclude the district court did not abuse its discretion in imposing a term of incarceration. Finding no abuse of discretion, we affirm.

**AFFIRMED.**