# IN THE COURT OF APPEALS OF IOWA

No. 14-0721
Filed March 25, 2015

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**ADRIANA HANSON,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer, Judge.

Adriana Hanson appeals from the judgment and sentence imposed following her *Alford* plea to possession of marijuana with intent to deliver, asserting the district court abused its sentencing discretion in declining to grant her a deferred judgment. **AFFIRMED.**

Judith O'Donohoe of Elwood, O'Donohoe, Braun, White, LLP, Charles City, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Adriana Hanson appeals the suspended prison sentence imposed following her *Alford* plea[1] to possession of marijuana with intent to deliver. She asserts the district court abused its sentencing discretion in declining to grant her a deferred judgment. Finding no abuse of discretion on the part of the district court, we affirm.

**I.      *Background Facts and Proceedings***

Hanson's vehicle was stopped by a Waterloo police officer when he observed a brake light was not working. Hanson was driving and her then boyfriend, Demetrice Tompkins, was sitting in the front passenger seat. Tompkins's three-year-old child was in the back seat sitting next to a large laundry basket full of clothing. Officers detected "a very strong odor of fresh or 'green' marijuana emitting from inside the vehicle." In a search of the vehicle, officers found a shoebox on top of the laundry basket. The shoebox contained a large quantity of marijuana, a digital scale with marijuana residue, a .45 caliber Taurus semiautomatic handgun with magazine, ammunition, several loaded magazines, and a large quantity of prescription drugs. Officers also found a .22 caliber rifle, designed like an assault rifle, wrapped in a shirt in the laundry basket. The firearms were loaded. All these items were located directly next to where the young child had been sitting and were within the child's reach.

The State originally charged Hanson with five counts: possession of a controlled substance (marijuana) with intent to deliver while in possession or

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting to participating in the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

control of a firearm, in violation of Iowa Code section 124.401(1)(d) and 124.401(1)(e) (2013) (Count I); failure to affix a tax stamp, in violation of section 453B.12 (Count II); possession of a controlled substance (alprazolam) with intent to distribute while in possession or control of a firearm, in violation of section 124.401(1)(d) and 124.401(1)(e) (Count III); child endangerment, in violation of section 726.6(1)(a) (Count IV); and carrying weapons, in violation of section 724.4(1) (Count V). Hanson ultimately entered an *Alford* plea to the charges of possession of marijuana with intent to deliver, in violation of section 124.401(1)(d) and child endangerment, in violation of section 726.6. Under the plea agreement, the State agreed the remaining counts would be dismissed at sentencing.

At the sentencing hearing, the State recommended a five-year suspended sentence with two to five years of probation on the possession count and a suspended two-year sentence with two years of probation on the child-endangerment count. This was the same sentence recommendation made in the presentence investigation report. Hanson argued for a deferred judgment on both counts. The district court granted Hanson a deferred judgment and placed her on probation for a period of two to five years on the child-endangerment charge. The court sentenced Hanson to a suspended term of imprisonment not to exceed five years and placed on probation for a period of two to five years on the possession charge. Hanson now appeals arguing the district court abused its discretion in not granting her a deferred judgment on the possession charge.[2]

---

[2] In her brief, Hanson states error was preserved by filing a timely notice of appeal. "While this is a common statement in briefs, it is erroneous, for the notice of appeal has

## II.     *Scope and Standard of Review*

Our review of a district court's sentence is limited to the correction of legal error.  *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).  Imposition of a sentence "within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable."  *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

## III.     *Discussion*

On appeal, Hanson asserts the sentencing court abused its discretion in sentencing Hanson because the court "made no statements to indicate that [it] considered the positive aspects of Ms. Hanson's life."   "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform."  *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994).  A sentencing court must state, on the record, its reason for selecting a particular sentence.  *Barnes*, 791 N.W.2d at 827 (citing Iowa R. Crim. P. 2.23(3)(d)).  "'A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's

---

nothing to do with error preservation."  Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) (footnote omitted) (explaining that "[a]s a general rule, the error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court").  Nevertheless, error was preserved for our review because sentencing errors may be challenged on direct appeal absent an objection in the district court.  *See State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010).

statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010). Although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

In rendering the sentence, the court stated:

> Ms. Hanson, I have considered your request for deferral of judgment and regret to say that I'm not going to grant your request for deferral of judgment. I'm making that decision in large part on the facts of this case, the nature of the offenses that you have committed, the danger that you've posed to a very young child, possessing drugs with intent to deliver those drugs, while—I know that you're not convicted of the firearm enhancement, but you had loaded firearms in your vehicle, you had the marijuana in your vehicle, and you had a child in your vehicle, and you possessed the marijuana with intent to deliver at that time. That coupled with the fact that you do bring in this courtroom with you a juvenile criminal history, and I read through the number of placements and the number of detentions that you had and the length of time that you were under juvenile court supervision, and you were under supervision for quite some time and, obviously, picked up violations because you were placed in detention a number of times, and that tells me something about your character. You don't bring with you an adult criminal history, and that's good. This is your first adult offense, I believe. Yes. It is your first adult offense. But your juvenile history does tell me something about your character and your risk on probation supervision.
> And so on balance, I've determined that in spite of your young age, in light of the nature of the offenses and your juvenile history, you're not a suitable candidate for deferral of judgment. Imprisonment, however, is not necessary at this time, in my view, to protect the interests of society and to protect you from yourself. I do believe that you're worthy of a suspended sentence, and so I am going to suspend the prison sentences that will be imposed here today.

After a colloquy with Hanson, the court further stated:

With that additional information, Ms. Hanson, I'm going to defer judgment as to the child endangerment charge. I'm not going to as to the possession with intent to deliver charge. You were fully aware of the marijuana dealings. In fact, you had dealt marijuana yourself while Mr. Tompkins was in jail. The car you were in, the car you were driving smelled strongly of marijuana. However, I am convinced that, and I think the most aggravating factor involved in the child endangerment charge is the fact that the weapons and the drugs were located right next to a three-year-old girl within that car. I'm going to accept your statements, even though I have some questions about their veracity, I'm going to accept your statements that you didn't know the weapons and the drugs were in the car at the time. You were still endangering the child to the extent that there was any drug dealing going on at all when the child was in Mr. Tompkins' care or your care, but I'm going to defer judgment as to that, and that will, I think, help assist you in the future because there would be a number of questions you would have to answer about what it is that you did that endangered a child.

It's clear that you deserve to show that a possession with intent to deliver marijuana is on your record. You were engaged in that activity for some period of time, and you were living with someone who was actively, very actively engaged in that activity for some period of time, and that issue is no surprise to you at all. But the endangerment issue, I can see that if I accept your statements to me here today, which I'm going to do with some skepticism, but I'll accept them and defer judgment on the child endangerment charge.

Hanson asserts the sentencing court gave her mitigating factors short shrift because it made no statements to indicate it considered the positive aspects of Hanson's life. Specifically, Hanson points out: she was employed full-time and taking online college classes, she had achieved many positive milestones in her life despite her chaotic childhood, she had no adult criminal history until this case, she was twenty-three years of age, she had gotten upset with Tompkins' drug activities, and the evidence showed Tompkins was the one primarily responsible for the drug activity their home. Hanson argues "[a]ll of these facts mitigate Ms. Hanson's culpability for the offenses and lead to the

conclusion that Ms. Hanson should have been . . . given the deferred judgment her attorney requested."

The court did specifically mention that this was Hanson's first adult offense and her young age. But as stated above, a sentencing court is not required to specifically acknowledge each claim of mitigation urged by a defendant. *Boltz*, 542 N.W.2d at 11. And the fact that the court did not acknowledge each and every claim of mitigation does not mean the court did not consider each claim. *Id.* We reject Hanson's suggestion that the sentencing court's consideration of mitigating factors was somehow deficient.

The court clearly, thoroughly, and thoughtfully set out its reasons for denying Hanson a deferred judgment on the possession charge. A sentencing court has discretion in choosing statutorily authorized sentencing options, including deferral of judgment. *See* Iowa Code § 901.5(1). It is obvious from the record that the sentencing court selected a sentence it felt would provide maximum opportunity for rehabilitation of Hanson and for the protection of the community from further offenses by Hanson and others. *See id.* Simply because a more lenient sentence was available but not imposed does not amount to an abuse of discretion. Based on the record, Hanson has not made the affirmative showing of abuse necessary to overcome the strong presumption in favor of the district court's sentence.

The district court did not abuse its discretion in declining to grant Hanson a deferred judgment on the possession charge. We therefore affirm.

**AFFIRMED.**