# IN THE COURT OF APPEALS OF IOWA

No. 15-1412
Filed May 11, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ARTHUR BARBINE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

The defendant challenges his sentences. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Arthur Barbine was convicted of three counts of credit card fraud, as a habitual offender; four counts of credit card fraud, as an aggravated misdemeanor; and one count of theft in the fourth degree, as a serious misdemeanor. The district court ordered the habitual offender enhancements be served consecutive to each other for a total term of incarceration not to exceed forty-five years. Barbine challenges his sentences.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs if "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

Barbine first contends the district court failed to state adequate reasons for the imposition of consecutive sentences. In imposing sentence, "[t]he court shall state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). The reason stated does not need to be detailed, but "at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). "The trial court generally has discretion to impose concurrent or consecutive sentences for convictions on separate counts." *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994). "Consequently, the duty of a sentencing court to provide an explanation for a sentence includes the reasons for imposing consecutive sentences." *Id.* "[W]e look to all parts of the record to find the

supporting reasons." *Id.* The statement of reason or reasons must be sufficiently clear to provide notice to the defendant of the reason or reasons for the imposition of consecutive sentences and to allow for appellate review of the sentencing decision. *See State v. Hill*, ___ N.W.2d ___, ___, 2016 WL 1612950, at *3 (Iowa 2016). The statement of reason or reasons is insufficient if the defendant is merely sentenced pursuant to an "overall sentencing plan" that does not satisfy both of the aforementioned criteria. *See Id.* at *5 (overruling *State v. Hennings,* 791 N.W.2d 828 (Iowa 2010) to the extent *Hennings* held the articulation of an "overall sentencing plan" was a substitute for the required statement of reasons for the imposition of consecutive sentences); *State v. Bell*, No. 13–0902, 2014 WL 2342461, at *2 (Iowa Ct. App. May 29, 2014) (McDonald, J., dissenting) (arguing an independent statement of reasons was required but reconciling *Hennings* with the Rules of Criminal Procedure and prior cases); *State v. Gasaway*, No. 13–0458, 2014 WL 251906, at *3 (Iowa Ct. App. Jan. 23, 2014) (distinguishing *Hennings*); *State v. Scott*, No. 12–1531, 2013 WL 2146226, at *3 (Iowa Ct. App. May 15, 2013) (Danilson, J., concurring specially) (concluding *Hennings* is inconsistent with the Iowa Rules of Criminal Procedure and prior cases). In this case, the district court provided an extensive explanation of the reasons for the imposition of the defendant's sentences. Barbine's argument is without merit.

Barbine next contends the district court "abused its discretion by improperly punishing the defendant for being mentally ill and drug addicted." There is nothing in the record to support the defendant's argument that the district court "punished" him for the cited reasons. We thus interpret the

defendant's argument to mean the district court did not place enough weight on these mitigating factors. In exercising its sentencing discretion, "the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.* Here, the district court stated it considered the defendant's age, criminal history, social background, employment status, mental health, and substance abuse history. The district court considered proper factors and did not consider any improper sentencing considerations. While the district court may have not placed as much weight on the mitigating factors as the defendant wished, we cannot conclude the district court abused its discretion.

The sentences are affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**