**IN THE COURT OF APPEALS OF IOWA**

No. 15-1394
Filed May 25, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICOLE ANN SIDERS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

A defendant appeals her prison sentence imposed following her guilty plea to possession of a controlled substance. **AFFIRMED.**

Alexandra D. Frazier of R.J. Hudson Law Firm, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Nicole Siders appeals her prison term not to exceed fifteen years, with a mandatory minimum of three years, following her guilty plea to possession of methadone, third offense, as an habitual offender, in violation of Iowa Code section 124.401(5) (2015). She argues the district court abused its discretion by imposing incarceration and contends probation or placement in a women's residential facility would have been a more fitting sentence. Because we find no abuse of discretion, we affirm her sentence.

I.      **Background Facts and Proceedings**

On February 15, 2015, Des Moines Police Officer Nick Lloyd was working off duty, but in full uniform, at Wal-Mart on Southeast 14th Street in Des Moines. A loss prevention employee informed Officer Lloyd that Siders had left the store without paying for $27.40 worth of items. Siders hopped into a car and said, "Go, go, go" to the driver, who sped out of the parking lot. When Officer Lloyd stopped the vehicle, he discovered two children in the backseat. He also smelled an odor of marijuana coming from inside the car. After taking Siders into custody, authorities searched her purse, finding a prescription bottle holding methadone pills. The bottle did not have a label, and Siders did not have a prescription. The purse also contained loose pills determined to be alprazolam and amphetamine.

On March 27, 2015, the State charged Siders by trial information with three counts of possession of a controlled substance and one count of unlawful possession of a prescription drug, in violation of Iowa Code section 155A.21.

On June 10, 2015, Siders entered a plea of guilty to possession of methadone, third offense, as an habitual offender. In exchange, the State agreed to dismiss the other counts, and the parties we free to argue for the appropriate sentence. At the sentencing hearing on August 18, 2015, the court imposed a period of incarceration not to exceed fifteen years, with a mandatory minimum of three years. Siders now appeals.

## II. Analysis

Siders advances a single claim: the sentencing court abused its discretion in denying her request for probation. Siders contends the court did not give appropriate weight to her family circumstances. The Iowa Department of Human Services (DHS) removed her two children from her care as a result of the underlying incident; she believes placing her on probation or in a women's residential facility would have allowed her to continue services through DHS, including supervised visitation.

We review sentencing decisions for an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When the district court imposes a sentence within the statutory limits, it is "cloaked with a strong presumption in its favor." *Id.* Siders's sentence is within the statutory limits. *See* Iowa Code § 902.9(1)(c).

A sentencing court must weigh the nature of the offense and attending circumstances, the defendant's age, character, propensity, and chances of reform. *Formaro*, 638 N.W.2d at 725. And before suspending sentence, the court must consider the defendant's prior record of convictions, employment status, family circumstances, and any other relevant factors from Iowa Code

section 907.5. *Id.* The district court took into account all of those circumstances in reaching its decision here. The court reviewed the presentence investigation report, as well as materials compiled by defense counsel showing his client's progress in addressing her drug addiction. The court expressly mentioned Siders's family circumstances, the nature of her offense, and her history of substance abuse. The record shows Siders had previously been on probation nine times and had a long criminal record, including prior drug convictions.

While the court did not directly refer to Siders's ability to have visitation with her children, a court is not required to specifically acknowledge each claim of mitigation. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa 1995) ('[T]he failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered."). The court emphasized its main goal was to maximize Siders's opportunity for rehabilitation, telling her: "[Y]ou need to focus on yourself and get the assistance you need to really overcome this addiction. And the programs at the Iowa Correctional Institute for Women have these programs."

When rejecting Siders's request for probation, the court reasoned:

> There are many pressures that are facing you, and the court feels that if I place you on probation, that without the structured environment of the institution, you're probably not going to successfully complete that. And the court does not feel at this time that you are equipped to handle that.

On this record, Siders cannot overcome the presumption that the sentencing court acted within its discretion.

Siders also claims the district court failed to satisfy Iowa Code section 901.5(9)(a), which requires a public announcement that the maximum term of incarceration may be reduced based on the defendant's statutory earned time,

work credit, and program credits.[1]  The purpose of section 901.5(9) is to "inform the public of the true dimension of the sentence." *State v. Johnson*, 513 N.W.2d 717, 720 (Iowa 1994).  "While the court's responsibility to comply with this directive is essential to that goal, it serves no function in imparting information to the defendant that is necessary for a valid plea and sentencing."  *Id.*  Any omission by the district court does not entitled Siders to a new sentencing hearing.

Siders closes her brief with a one-sentence argument that during her plea hearing "neither the State nor the court expressly informed the defendant of the minimum sentence that could be imposed."  Although making this assertion, Siders does not challenge the validity of her guilty plea.  In any regard, the plea record reveals she was informed "prior to being eligible for parole, you will be required to serve a mandatory three years," and then she confirmed her desire to enter a guilty plea.

Finding, no abuse of discretion or other error in the imposition of Siders's prison sentence, we affirm.

**AFFIRMED.**

---

[1] The written sentencing order informed Siders of the possible reduction.