# IN THE COURT OF APPEALS OF IOWA

No. 17-0235
Filed February 21, 2018


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES MATTHEW SHEPPARD III,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.


        James Sheppard appeals the sentence of incarceration imposed following his guilty plea to operating while intoxicated, third offense.  **AFFIRMED.**


        Jessica A. Millage of Millage Law Firm, P.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., McDonald, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**Doyle, Presiding Judge**

James Sheppard appeals the sentence of incarceration imposed following his guilty plea to operating while intoxicated (OWI), third offense. He asserts the sentencing court abused its discretion in declining to grant him a suspended sentence. Finding no abuse of discretion, we affirm.

### I. Background Facts and Proceedings.

By trial information, Sheppard was charged, as a habitual offender,[1] with operating while intoxicated, third offense, in violation of Iowa Code section 321J.2, a class "D" felony.[2] Sheppard eventually entered into a plea agreement with the State wherein he would plead guilty as charged, the parties were free to argue the sentence to be imposed, and the State would not pursue the habitual-offender sentencing enhancement. Sheppard filed a written guilty plea. At a plea hearing, the plea court accepted Sheppard's guilty plea, ordered a presentence investigation (PSI) report, and set sentencing for a later date.

About two months later, while out on bond, Sheppard picked up additional criminal charges—possession of crack cocaine and driving while license denied or revoked.[3] He was arrested and confined to the Polk County Jail, and his pretrial release bond was revoked.

Later, a joint sentencing hearing was held on all the charges. For the OWI offense, Sheppard was sentenced to incarceration for a period not to exceed five years, to run concurrent with the possession sentence. The State did not pursue

---

[1] See Iowa Code § 902.8 (2016).

[2] As a result of the traffic stop, Sheppard was also ticketed for driving while suspended and given warnings for speeding and license plate light infractions.

[3] Shepard was also ticketed for operation without registration.

the habitual-offender sentencing enhancement. On the possession charge, Sheppard was sentenced to forty-seven days in jail and was given credit for the forty-seven days he had already spent in jail. The driving-while-revoked charge was dismissed. Sheppard now appeals, asserting the sentencing court abused its discretion in imposing a sentence of incarceration for the OWI offense.

## II. Scope and Standard of Review

Our review of a district court's sentence is limited to the correction of legal error. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). Imposition of a sentence "within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "Discretion expresses the notion of latitude." *State v. McNeal*, 897 N.W.2d 697, 710 (Iowa 2017) (Cady, C.J., concurring specially). An abuse of discretion will only be found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *See State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). This standard is deferential to the sentencing court:

> Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others. It is essential to judging because judicial decisions frequently are not colored in black and white. Instead, they deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process. This inherent latitude in the process properly limits our review. Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds.

*See State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015) (citation omitted).

### III. Discussion

On appeal, Sheppard claims the sentencing court abused its discretion because it "failed to fully consider the opportunity for rehabilitation in the community, and solely focused on incarceration as the option for [him]." He points out he "had been attending school and making positive strides in his life." He contends a suspended sentence "would have allowed him to remain gainfully employed and attending school" and would position him "to make payments toward his considerable court fines." Further, Sheppard maintains "[i]t is unlikely that [he] would be able to obtain any treatment if incarcerated, while he had initiated treatment for substance abuse issues prior to being jailed."

"In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). "In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *Formaro*, 638 N.W.2d at 724. Although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

The sentencing court conducted a lengthy colloquy with Sheppard, during which the court noted that Sheppard picked up additional criminal charges while he was out on bond awaiting sentencing on the OWI offense. The court also noted

that this was Sheppard's sixth OWI offense. Additionally, the court noted that Sheppard waited some two months after his OWI arrest to obtain a substance-abuse evaluation and another four months had passed before he began attending classes. Sheppard admitted he "made mistakes and [has] basically made bad decisions for [his] life." He declared, "I am taking responsibility and trying to change those things." In listening to Sheppard's litany of excuses for his conduct, the court remarked, "[Y]ou talk a good game. You're just not following through with what the talk is." Sheppard asked for probation. The court responded,

> And, sir, I certainly can understand why you would want that. But, quite honestly, to protect the public from you, I simply cannot go along with what you're recommending.
>
> You are an absolute danger until such time as you actually get a handle on your substance abuse problem, and you simply have not done that. You could profess that there are all these reasons why you haven't been able to do that, but the reality of the situation you have is that this is now the sixth time in your life that you have committed this particular offense.
>
> Not to mention the other offenses. It's not like this is your only record. . . . [S]ubstance abuse has been an issue for you most of your life. There are possession convictions and other things in your record, as well, and you just simply haven't addressed them.
>
> So, sir, based upon your prior criminal history and the nature of this particular offense and the fact that in this court's mind you have not addressed the issues that continue to bring you to this court, it is the judgment of the court that you are adjudged guilty of operating a motor vehicle under the influence of alcohol, third offense, and shall be incarcerated for a period not to exceed five years.

### IV. Conclusion.

Sheppard does not suggest the sentencing court considered inappropriate factors, nor does he claim the court failed to provide adequate reasons for the sentence imposed. We find no abuse of discretion by the sentencing court in imposing the sentence. In sum, the core of the Sheppard's argument is that he

simply disagrees with the district court's exercise of discretion. This is not a ground for relief. *See, e.g.*, *State v. McDowell*, No. 17-0679, 2017 WL 6034123, at *1 (Iowa Ct. App. Dec. 6, 2017) (noting that mere disagreement with sentencing decision is not a ground for relief).

Finding no abuse of discretion, we affirm the Sheppard's sentence.

**AFFIRMED.**