# IN THE COURT OF APPEALS OF IOWA

No. 18-0701
Filed December 5, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LIONEL CANO VELA,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea, Judge.

Lionel Vela challenges the sentence imposed after pleading guilty to one count of forgery. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

Lionel Vela appeals after pleading guilty to one count of forgery. In exchange for his plea and his agreement to be sentenced to incarceration, the State agreed to dismiss one count of second-degree theft and to not seek the habitual-offender sentencing enhancement. He now challenges the five-year term of incarceration imposed on his conviction, arguing the district court abused its discretion in sentencing him.

We review sentencing decisions for correction of errors at law. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Because the sentence imposed here was within the statutory limits, it "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* An abuse of discretion occurs when the evidence does not support the sentence. *See State v. Valin*, 724 N.W.2d 440, 445 (Iowa 2006).

In order to review the exercise of its discretion, the sentencing court must state on the record its reasons for selecting the sentence imposed. *See State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014) (citing Iowa R. Crim. P. 2.23(3)(d)). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). The court must determine the appropriate sentence based on the individual factors of each case, and no single factor is determinative. *See id.* The court must then determine which sentence "will provide [the] maximum opportunity for the rehabilitation of the

defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2017).

At the sentencing hearing, the district court stated:

> Mr. Vela, my duty under the law is to review what's available to me in terms of community resources and to determine what the appropriate rehabilitative plan for you would be, and also to consider that the public must be protected. In doing so I look at the seriousness of the crime, the effect that this crime has upon members of the community, your willingness to accept change, and what is available in this community to assist you in that process. In this entire process, I go from the least restrictive alternatives to the most restrictive alternatives.

In determining the appropriate sentence, the court considered Vela's age, his criminal history, and the "significant amount of time" he had spent in federal prison. The court expressed its concern that Vela had been released from prison in March 2017 and committed the felony forgery offense in October 2017 while still on supervised release. Giving significant weight to the recommendation of the presentence investigator, the court decided "to adopt the recommendation or the agreement contained in the plea agreement and impose the term of incarceration."

The district court properly exercised its discretion in imposing the sentence. Although Vela cites other factors he believes the court should have considered or given more weight to in order to reach a different decision, this does not constitute error. *See Formaro*, 638 N.W.2d at 725 (noting that the application of factors to an individual case will not always lead to the same sentence due to the discretionary nature of judging). Because the sentence is not unreasonable or based on untenable grounds, *see id.*, we affirm.

**AFFIRMED.**