**STATE of Iowa, Appellee,**

v.

**Vicki Lynn JOHNSON, Appellant.**

No. 93–670.

Supreme Court of Iowa.

March 23, 1994.

Richard N. Tompkins, Jr., Mason City, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Paul L. Martin, County Atty., and Douglas Hammerand, Asst. County Atty., for appellee.

Considered by CARTER, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The defendant, Vicki Johnson, appeals from her conviction of possession with intent to deliver a schedule II controlled substance in violation of Iowa Code sections 204.-401(1)(c)(6) and 204.206(4)(b) (1991). Johnson argues the district court (1) focused exclusively on her prior record regarding probation in sentencing her to a ten-year prison term; and (2) erred in not publicly announcing that she may be eligible for parole before the sentence is discharged, as required by Iowa Code section 901.5(9)(b) (1993). We affirm.

On May 27, 1992, Johnson was stopped by a police officer for making an improper left turn, an improper license plate, and no license plate light. Johnson allowed the officer to look inside her purse for a weapon. The officer discovered several containers containing methamphetamine. Johnson was arrested and subsequently charged with possession with intent to deliver a schedule II controlled substance. Following several unsuccessful attempts to suppress both the containers and statements made to the arresting

officer, Johnson decided to enter a guilty plea to the offense charged. The State agreed to concur with the presentence investigation recommendations.

The presentence investigation report revealed that Johnson was first placed on probation in 1982. She was again placed on probation in April 1985, August 1985, and April 1987. Johnson's probation that started in April 1985 had been revoked. All other probations had been terminated due to noncompliance with probation rules. Johnson had an extensive history of substance abuse and had failed to recognize that she has a problem. Johnson had not currently enrolled herself in any type of counseling or support groups. Because of these facts, the presentence investigation officer recommended that Johnson be placed in a highly structured environment.

At the sentencing hearing, a number of people testified on Johnson's behalf. Johnson's boyfriend, Russell Roath, testified that Johnson had made dramatic changes since her latest arrest, particularly in acting like an adult. Roath and a friend, Carol Prause, testified that Johnson no longer uses drugs. Johnson's employer, Rod Michael, testified that her performance had been very good and that she has had no problems with attendance. Johnson testified she had quit using drugs "cold turkey," and that she would be willing to proceed with a substance abuse evaluation and enter any substance abuse program.

In sentencing Johnson, the district court stated that it had considered Johnson's criminal history; her personal, educational, and employment background; the nature of her prior and present convictions; the prospects for rehabilitation; society's interest; and the matter of deterrence. The district court also noted that Johnson had been placed on probation numerous times and had not successfully completed any of them. The district court sentenced Johnson to a term of imprisonment not to exceed ten years and informed her that there was a mandatory minimum period of confinement of one-third of the maximum term before she would be eligible for parole. Johnson appeals.

■ Johnson first argues the district court focused exclusively on her extensive criminal record and her history of unsuccessful probation in sentencing her to a ten-year term of imprisonment. Sentencing decisions of the district court are cloaked with a strong presumption in their favor, and a sentence will be disturbed by a reviewing court only upon a showing that the district court abused its discretion. *State v. Neary,* 470 N.W.2d 27, 29 (Iowa 1991). No abuse of discretion will be found unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform. *State v. Hildebrand,* 280 N.W.2d 393, 396 (Iowa 1979). Each sentencing decision must be made on an individual basis, and no single factor alone is determinative. *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982).

■ The trial court observed that, although Johnson had only one felony conviction, second-degree burglary in 1986, she had eighteen adult misdemeanor convictions between 1980 and 1991. Johnson had been granted probation six times. One of those probations was revoked, and the other five were terminated due to failure to abide by probation rules. The district court stated it believed Johnson needed a highly structured environment due to her past history of substance abuse and her failure to successfully complete probation.

Based on the above facts, we find no merit to Johnson's claim the district court abused its discretion in sentencing her to prison rather than granting probation. We affirm the district court on this issue.

■ Johnson next argues the district court failed to satisfy the requirements of Iowa Code section 901.5(9)(b) (1993) by failing to publicly announce that she may be eligible for parole before the sentence is discharged. Section 901.5(9)(b), as amended by the legislature in 1992, states, in pertinent part:

If the defendant is being sentenced for an aggravated misdemeanor or a felony, the court shall publicly announce the following:

. . . .

b. That the defendant may be eligible for parole before the sentence is discharged.

In the present case, the district court publicly informed Johnson at the time of sentencing that she would not be eligible for parole until she had served a one-third minimum of her ten-year sentence. We believe that this is simply another way of saying that she would be eligible for parole when one-third of her sentence was discharged. The district court's actions amounted to not only substantial but literal compliance with the mandate of section 901.5(9)(b).

 Johnson's argument based on section 901.5(9) is invalid for other reasons as well. In order to invalidate proceedings taken in disregard of stated procedural requirements, it must be determined that the omitted duty is essential to accomplishing the purpose of the statute as applied to the party seeking to take advantage of the omission. *See In re A.E.O. III,* 437 N.W.2d 238, 239 (Iowa 1989). We conclude that the manifest intent of the requirement to announce the potential for sentence reduction under section 901.5(9) is to inform the public of the true dimension of the sentence imposed. While the court's responsibility to comply with this directive is essential to that goal, it serves no function in imparting information to the defendant that is necessary for a valid plea and sentencing. The requirements for imparting that information are found in Iowa Rule of Criminal Procedure 8(2)(b)(2), which operates at the time of the plea. There is no claim in the present case that there was no compliance with this rule.

The judgment and sentence of the district court is affirmed.

**AFFIRMED.**