**IN THE COURT OF APPEALS OF IOWA**

No. 14-0010
Filed September 17, 2014

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**MICKEY JOE BELIEU,**
       Defendant-Appellant.

_____

       Appeal from the Iowa District Court for Polk County, Carol L. Coppola

(plea) and Douglas F. Staskal (sentencing), Judges.


       Defendant appeals his sentence of incarceration following conviction for

burglary.  **AFFIRMED.**


       Mark C. Smith, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant

Attorney General, John P. Sarcone, County Attorney, and Robert Diblasi,

Assistant County Attorney, for appellee.


       Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

On December 26, 2013, Mickey Belieu was convicted of burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A(1) (2013), and sentenced to an indeterminate term of incarceration not to exceed five years. Belieu appeals his sentence, contending the district court did not exercise discretion in imposing sentence or improperly relied on only a single factor in imposing sentence—the fact Belieu was unsuccessfully discharged from residential substance abuse treatment between the time of his plea and sentencing.

The district court's sentence is cloaked with a strong presumption of regularity, and we will not reverse sentence absent an abuse of discretion. *See State v. Floyd*, 466 N.W.2d 919, 924 (Iowa Ct. App. 1990). To establish an abuse of discretion, the defendant must show the sentencing court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Privitt*, 571 N.W.2d 484, 486 (Iowa 1997). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

"Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

We conclude the district court recognized it had discretion to determine and impose sentence and did not abuse its discretion in imposing a term of incarceration. At the sentencing hearing, the court did refer to Belieu's discharge from residential substance abuse treatment, but the court did so in the context of determining Belieu's "propensities or chances for reform" and how best to protect society from further offenses by Belieu. That was a pertinent and permissible consideration. *See* Iowa Code § 907.5(1); *Johnson*, 513 N.W.2d at 719. In addition, contrary to Belieu's claim, the district court identified several additional reasons for imposing sentence, including, but not limited to, the defendant's age, familial circumstances, substance abuse history, criminal history, prior unsuccessful rehabilitative measures, and the need to protect the public from further offenses by this defendant. Each of these factors was pertinent to and properly considered in imposing sentence in this case.

**AFFIRMED.**