**IN THE COURT OF APPEALS OF IOWA**

No. 13-2008
Filed October 15, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CHRISTOPHER JAMES STONE,**
     Defendant-Appellant.

_____

     Appeal from the Iowa District Court for Story County, Dale E. Ruigh, Judge.

     Appeal from the sentence imposed following conviction of possession of precursor materials.  **AFFIRMED.**

     Kimberly A. Voss-Orr of Law Office of Kimberly A. Voss-Orr, Ames, for appellant.

     Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Stephen Holmes, County Attorney, and Joseph Danielson, Assistant County Attorney, for appellee.

     Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Christopher Stone was convicted of possession of precursor materials, in violation of Iowa Code section 124.401(4)(b) (2013), and sentenced to a term of incarceration not to exceed five years. The district court imposed judgment and sentence following a probation revocation hearing in which the district court revoked Stone's deferred judgment on the same charge prior to conviction and sentence. On appeal, Stone argues the district court abused its discretion in imposing sentence. Specifically, he argues the district court should have suspended his sentence in light of certain mitigating factors such as Stone's acceptance of responsibility, acceptance of drug treatment, gainful employment, and familial support.

The district court's sentence is cloaked with a strong presumption of regularity, and we will not reverse sentence absent an abuse of discretion. *See State v. Floyd*, 466 N.W.2d 919, 924 (Iowa Ct. App. 1990). To establish an abuse of discretion, the defendant must show the sentencing court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Privitt*, 571 N.W.2d 484, 486 (Iowa 1997). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Although "[a] sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation

urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

We conclude the district court recognized it had the discretion to determine and impose sentence and did not abuse its discretion in imposing a term of incarceration. At the probation revocation and sentencing hearing, the court heard the testimony of Stone's probation officer, reviewed the presentence investigation report, and heard the arguments of counsel. The sentencing court considered Stone's propensities or chances for reform and how best to protect society from further offenses by Stone. These were pertinent and permissible considerations. *See* Iowa Code § 907.5(1); *Johnson*, 513 N.W.2d at 719. In addition, the district court noted the defendant's substance abuse history and prior unsuccessful rehabilitative measures. Each of these factors was pertinent to and properly considered in imposing sentence in this case.

**AFFIRMED.**