# IN THE COURT OF APPEALS OF IOWA

No. 14-0513
Filed October 29, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LATISHA DAWN MAYSE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Martha Mertz, Judge.


        Defendant contends the district court abused its discretion in sentencing her. **AFFIRMED.**


        Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

        Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Michael K. Jacobsen, County Attorney, and Scott Nicholson, Assistant County Attorney, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Latisha Mayse was convicted of possession with intent to deliver methamphetamine, in violation of Iowa Code sections 124.401(1)(c)(6) and 124.413 (2013). At the sentencing hearing, the State and the defense made a joint recommendation for a suspended sentence. After reviewing the presentence investigation report, hearing the arguments of counsel, and hearing from the defendant, the court sentenced Mayse to an indeterminate term of incarceration not to exceed ten years, with a one-third mandatory minimum, which was reduced one-third due to Mayse's guilty plea. On appeal, Mayse argues the district court abused its discretion in imposing sentence. Specifically, she argues the district court impermissibly relied on false information contained in the presentence investigation report and impermissibly relied on the fact Mayse failed to appear for prior hearings in this matter.

The district court's sentence is cloaked with a strong presumption of regularity, and we will not reverse a sentence absent an abuse of discretion. *See State v. Floyd*, 466 N.W.2d 919, 924 (Iowa Ct. App. 1990). To establish an abuse of discretion, the defendant must show the sentencing court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Privitt*, 571 N.W.2d 484, 486 (Iowa 1997). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994).

After review of the record, we conclude the district court did not abuse its discretion in imposing sentence. At the sentencing hearing, Mayse challenged certain statements contained in the presentence investigation report. We note if the court is not going to rely on contested statements contained in the presentence investigation report, the best practice is to specifically disavow such reliance. Although the court did not make any explicit statement as to how the court was going to treat the challenges, in context it is clear the court eschewed reliance on the contested parts of the presentence investigation report. Instead of relying on the contested portions of the presentence investigation report, the district court explained that Mayse was not a good candidate for probation due to Mayse's past failure to comply with probation:

> You were noncompliant with probation before so the odds from my perspective that you're going to be compliant in the future are probably very low.
> I don't doubt that you mean what you say at this moment, but I do see that your actions in the past have not been consistent with what you're saying now. And if my only method for judging how you're going to do in the future is based on how you've done in the past . . . . [y]ou weren't in compliance with your last probation.

The district court also noted that Mayse's conduct showed Mayse was essentially "thumbing [her] nose at the court system." The district court also explained that granting Mayse probation "certainly doesn't protect the community." The sentencing court's consideration of Mayse's propensity for reform and how best to protect the community from further offenses by Mayse were pertinent and permissible considerations. *See* Iowa Code § 907.5(1); *Johnson*, 513 N.W.2d at 719. The district court's sentence is affirmed.

**AFFIRMED.**