# IN THE COURT OF APPEALS OF IOWA

No. 14-1610
Filed August 19, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL DARYL MARSHALL-LIMOGES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreason, Judge.

Juvenile defendant challenges his sentence as cruel and unusual punishment. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Linda J. Hines, Assistant Attorneys General, Patrick A. Jennings, County Attorney, and Terry Ganzel and Mark Campbell, Assistant County Attorneys, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

The United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. While there is authority standing for the proposition that the Eighth Amendment was only meant to limit the methods of punishment, the Supreme Court has concluded the Eighth Amendment is available to challenge "sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). The Eighth Amendment "is applicable to the States through the Fourteenth Amendment." *Rhodes v. Chapman*, 452 U.S. 337, 344–45 (1981). Article I, section 17 of the Iowa Constitution also prohibits the infliction of "cruel and unusual punishment." In *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014), our supreme court held the Iowa Constitution forbade the imposition of mandatory minimum sentences on juveniles. The defendant Michael Marshall-Limoges challenges his sentences on two grounds. He seeks an extension of *Lyle* to "all prison sentences for juveniles regardless of whether they are statutorily mandated or a minimum required term of incarceration." He also contends the district court abused its discretion in imposing the sentences.

The record establishes on March 13, 2013, the defendant was charged with the following: theft in the second degree, two counts of theft in the third degree, and theft in the fourth degree, in violation of Iowa Code sections 714.1(1), 714.2(2)-(4); eleven counts of burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A; possession of burglar's tools, in violation of Iowa Code section 713.7; and criminal mischief in the fourth degree,

in violation of Iowa Code sections 716.1 and 716.6. Pursuant to a plea agreement, the defendant pleaded guilty to a single count of theft in the second degree and burglary in the third degree, and the remaining charges were dismissed. The defendant received a deferred judgment and was placed on probation under the supervision of the department of correctional services. The defendant was sixteen years of age at the time he committed the offenses.

On December 16, 2013, the defendant was charged with theft in the second degree. At the same time, the State filed an application to revoke the defendant's deferred judgment and probation. The defendant pleaded guilty to the new charge and stipulated that he violated his probation. The district court revoked the defendant's deferred judgment and probation. The district court sentenced the defendant to indeterminate terms of incarceration not to exceed five years for the theft convictions and two years for the burglary conviction, said sentences to run concurrent to each other. At the time he committed the new theft offense, the defendant was not yet eighteen years of age. The defendant timely filed this appeal.

On de novo review, we conclude the defendant's constitutional challenge to his sentences is unavailing. *See Lyle*, 854 N.W.2d at 382 ("[W]e review an allegedly unconstitutional sentence de novo."). *Lyle* is inapplicable; none of the sentences here involve mandatory minimum terms of incarceration. The defendant implicitly concedes this but argues *Lyle* should be extended to require the district court to consider each of the factors set forth in *Miller v. Alabama*, 132 S. Ct. 2455, 2465-69 (2012), and *State v. Ragland*, 836 N.W.2d 107, 115 (Iowa

2013), before imposing any sentence on a juvenile defendant. We do not interpret *Lyle* to require or support such an extension. Further, "[a]s a general rule, the task of materially altering substantive or procedural rights is best left to the General Assembly or the Supreme Court of Iowa." *Spencer v. Philipp*, No. 13-1887, 2014 WL 4230223, at *2 (Iowa Ct. App. Aug. 27, 2014). We decline to extend *Lyle*.

We also conclude the district court did not abuse its discretion in sentencing the defendant. "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Although "a sentencing court has a duty to consider all the circumstances of a particular case," it is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App.1995). Furthermore, "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.* Here, the district court's stated reasons for imposition of the sentence were thoughtful and not in any way improper. Contrary to the defendant's assertion, the district court did, in fact, "take into consideration . . . those particular

characteristics of youth as described in recent Iowa case law." We conclude the district court properly exercised its sentencing discretion.

**AFFIRMED.**