# IN THE COURT OF APPEALS OF IOWA

No. 15-1610
Filed June 15, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TATIANA JACQUETTE BAKER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

Tatiana Baker appeals her sentence, claiming the district court abused its discretion in imposing judgment. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

A jury convicted Tatiana Baker of assault causing bodily injury. On appeal, she challenges her thirty-day jail sentence with all but two days suspended along with one year of probation. Baker argues the district court abused its discretion in denying her request for a deferred judgment because she has no criminal history and the incident resulted from an alcohol-fueled bar fight. Because the court properly weighed the relevant factors in choosing a sentence aimed at rehabilitating Baker and protecting society, we affirm.

Baker and her husband were outside a bar when another female patron left the bar to smoke a cigarette. Baker insulted the other woman, and their hostile interaction escalated. The husband was briefly involved in the fight before Baker hit the other woman. Baker straddled the woman on the pavement before the police arrived. The assault victim suffered scratches on her neck and back, a cut lip, two black eyes, and swelling to her head and neck.

The State charged Baker with assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code section 708.2(2) (2013). At her jury trial, Baker testified she was defending herself during the fight. The jury returned a guilty verdict.

At sentencing, Baker's attorney requested a deferred judgment on grounds that Baker has no criminal history and her conduct occurred during a bar fight where emotions ran high. The State recommended one year of jail with all but thirty days suspended. The district court rejected both requests and imposed a thirty-day sentence with all but two days suspended along with one year of probation. The court explained it chose the sentence for "the protection of

society and for rehabilitation of defendant." The court also noted the violent nature of the crime and Baker's failure to take available steps to defuse the volatile situation.

On appeal, Baker contends the district court abused its discretion in sentencing her to thirty days in jail with all but two days suspended and a year of probation. An appellate court will identify such abuse by the sentencing court only when it exercises its discretion "on grounds or for reasons clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We review Baker's challenge to correct any legal error resulting from an abuse of discretion. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006).

We find no abuse of discretion in the district court's process of determining the appropriate sentence for Baker's rehabilitation and for the protection of society. *See* Iowa Code § 901.5; *see also Formaro*, 638 N.W.2d at 724-25. A sentencing court must consider factors including the nature of the offense, the defendant's age and character, and the defendant's chances of reform. *Formaro*, 638 N.W.2d at 725. Before deferring judgment or suspending sentence, the court must also consider, among other things, the defendant's prior record and employment status. *Id.*

During the sentencing hearing, the district court imposed a sentence within the statutory limit. Thus, a strong presumption exists in its favor. *State v. Johnson* 513 N.W.2d 717, 718 (Iowa 1994). The district court considered the factors cited by Baker's attorney, including Baker's clean criminal history, her family situation, and the events that led to the assault. But the district court also expressed concern that Baker failed to take steps to resolve the confrontation

before resorting to violence and the dangers of such criminal activity. In light of the totality of circumstances, the district court declined to defer judgment, and we do not find that decision to be clearly unreasonable or based upon untenable grounds. *See Formaro*, 638 N.W.2d at 725 (stating a court's task on appeal is to determine if the district court's decision was "clearly unreasonable or based on untenable grounds"). Rather, the district court fulfilled its role of exercising sound discretion to reach its sentence. Accordingly, we affirm.

**AFFIRMED.**