# IN THE COURT OF APPEALS OF IOWA

No. 16-0234
Filed November 23, 2016


**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**MARGARITO OCPACO HERNANDEZ,**
      Defendant-Appellant.
_____


Appeal from the Iowa District Court for Story County, James B. Malloy, District Associate Judge.


A defendant appeals his sentence following his *Alford* plea. **SENTENCE VACATED IN PART AND REMANDED.**


Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.


Considered by Vogel, P.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, Presiding Judge.**

Margarito Hernandez appeals following his *Alford*[1] plea to third-degree arson, three counts of child endangerment, and domestic abuse assault. The court sentenced Hernandez to serve two years incarceration on the arson and child-endangerment convictions, all to run concurrently, and one year on the domestic-abuse charge, to run consecutively to the other sentences, for a total term of three years. He claims on appeal the court abused its discretion by focusing only on the nature of the offense when it denied his request for a deferred judgment at sentencing. He also claims the district court abused its discretion by failing to state on the record the reasons for imposing consecutive sentences.

We review the district court's sentencing decisions for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform. . . . [N]o single factor alone is determinative." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). Our review of the entire record in this case demonstrates the court did not make its sentencing decision based on one factor alone but considered and weighed all pertinent matters—including several exhibits and testimony by Hernandez's wife—in determining Hernandez would be

---

[1] *See Alford v. North Carolina*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

incarcerated rather than given a deferred judgment. In pronouncing the sentence for incarceration, the court stated:

> The purpose of any sentence is to provide for your rehabilitation, for the protection of the public. I've tried to take into account your age. You're a 39-year-old man. You're not a youngster anymore. You're a father of three children. You've been employed, and by all means have been a good provider to your family.
> The victim—or one of the victims of this offense, your wife—wishes to have the no-contact order continued and does not want to have contact with you, but she's also recommending that you be allowed contact with your children, which would all be available if I defer judgment as you request.
> You have no prior criminal history. Your crimes here were crimes of violence. Your crimes were against other people; your wife, your children. You exhibit remorse for what you did. You were intoxicated on that date, and it appears alcohol has been a problem, both during this set of events, and somewhat in the past; that you would like an opportunity to work on your alcohol problem.
> I believe that a deferred judgment is not appropriate in your case. The reason for that rests with the nature of the crimes that you committed here. You assaulted your wife. You put your kids at great risk by lighting a fire in the house. You've exposed them to your violent behavior when you were intoxicated. Such actions in a civilized society are completely unacceptable, and to defer judgment I believe would not be appropriate due to the nature of these offenses, and all of the other reasons that I've stated here.
> I think long-term rehabilitation requires incarceration.

We find no abuse of discretion in the court's imposition of incarceration.

The court went on to order the one-year domestic-abuse sentence to run consecutive to the sentences imposed for child endangerment and arson. However, the court did not provide a separate reason for imposing consecutive sentences or refer back to the reasons articulated for imposing incarceration. After the district court pronounced sentence in this case, the supreme court issued its decision in *Hill*, 878 N.W.2d at 275, which now requires a sentencing court to "explicitly state the reasons for imposing a consecutive sentence,

although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." On appeal, the State concedes the district court erred in not articulating the reasons for imposing consecutive sentences. We therefore vacate that part of the sentencing order imposing consecutive sentences and remand for resentencing on that issue alone.

**SENTENCE VACATED IN PART AND REMANDED.**