# IN THE COURT OF APPEALS OF IOWA

No. 17-0092
Filed August 2, 2017

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**SHAD ROBERT ECKLEY,**
       Defendant-Appellant.
_____


Appeal from the Iowa District Court for Wright County, Paul B. Ahlers, District Associate Judge.


The defendant challenges his sentences for eluding and operating while intoxicated. **AFFIRMED.**


Charles J. Kenville of Kenville Law Firm, P.C., Fort Dodge, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Defendant Shad Eckley was convicted of eluding, in violation of Iowa Code section 321.279(2) (2016), and operating while intoxicated, in violation of Iowa Code section 321J.2. The district court sentenced the defendant to a term of incarceration not to exceed two years for the former offense and a determinate term of incarceration of one year for the latter offense, said sentences to be served concurrently. On appeal, the defendant contends the district court abused its discretion in imposing sentence by exercising a fixed sentencing policy or by focusing on a single factor. Specifically, the defendant contends the district court focused exclusively on his criminal history in imposing sentence.

The district court's sentence is cloaked with a strong presumption of regularity, and we will not vacate sentence absent an abuse of discretion. *See State v. Floyd*, 466 N.W.2d 919, 924 (Iowa Ct. App. 1990). To establish an abuse of discretion, the defendant must show the sentencing court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Privitt*, 571 N.W.2d 484, 486 (Iowa 1997). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994).

The defendant has not established the district court abused its discretion in imposing sentence. At the time of sentencing, the district court explicitly stated it considered the following factors in crafting the defendant's sentence: age, employment history, family circumstances, criminal history, the defendant's

demeanor during the sentencing hearing, the defendant's substance-abuse history and needs, the defendant's mental-health history and needs, the facts and circumstances of the offenses, the information contained in the presentence investigation report, and any other information presented during the sentencing hearing. These are all relevant and permissible considerations. *See id.* Eckley's challenge to his sentences is without merit. We affirm the defendant's sentences without further opinion. *See* Iowa Ct. R. 21.26(1)(a) and (e).

**AFFIRMED.**