# IN THE COURT OF APPEALS OF IOWA

No. 18-0367
Filed January 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DYLAN DANIEL MILLARD,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Dylan Millard appeals the sentence imposed on his conviction for possession of marijuana with intent to deliver. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

Dylan Millard appeals the sentence imposed after he pled guilty to possession of marijuana with intent to deliver. The district court sentenced Millard to a five-year prison term. On appeal, Millard argues the district court abused its discretion in denying his request for a suspended sentence and probation.

When, as here, the sentence imposed is within the statutory limits, it "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable, which occurs when the district court decision is not supported by substantial evidence or when it is based on an erroneous application of the law." *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018) (cleaned up).

The court is to select the sentence that "will provide the maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2017). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). It must then determine the appropriate sentence based on the individual factors of each case, though no single factor alone may be determinative. *See id.*

In sentencing Millard, the district court expressed concern that Millard's record includes a number of violent crimes. The court also noted that Millard had never successfully completed probation in the past. It explained:

> You've been revoked when you've been on probation. You've been revoked when you've been on work release. So putting you on probation at this point in time doesn't seem to make a lot of sense because that hasn't worked in the past either. I know you're only 21. But, again, then we go back to what's that risk. It's not risk of another drug possession. It's a risk that you're doing other things, like getting in fights with police officers or hurting other members of the public. I mean, that's my concern. Because I've got to consider the protection of the public along with your rehabilitation.
> And if I thought there was a great chance of you being rehabilitated and doing well on probation, . . . I would probably take that opportunity. But I don't see that based upon your record. I know you're only 21. You say you're tired. You're motivated by this new child that's on the way. Those are all good things . . . that I look at because . . . they can be something that turns a person around. But you do have a prior child, and that child is six years old. That didn't stop you from committing crimes either. And those are all the things that I'm looking at when I make the decision on sentencing.
> I really want to believe you, that this is it. But I don't see it based on the record. I hope you prove me wrong. I hope you go to prison and that you start to turn things around and use the programming, that you turn it into a positive experience, and that you use these motivating factors as a means to get parole as soon as you can, that when you get on parole that you complete it satisfactorily and show that—show that I'm wrong. I would be happy to see that, because that would mean you would be successful. But that's the direction we're going to go in this case.

Millard argues that the court "seemed to rely on its perceived rehabilitative factors of prison in handing down [his] sentence" and claims doing so was error under *Tapia v. United States*, 564 U.S. 319, 332 (2011) (holding the Federal Sentencing Reform Act precludes lengthening a defendant's prison term to promote rehabilitation). We disagree. The district court's discussion of rehabilitation concerned past attempts to rehabilitate Millard that had failed and the court's hope that Millard would make the most of his prison term—not on the

necessity of prison as a form of rehabilitation.  Moreover, the statute at issue in *Tapia* is inapplicable here.

Substantial evidence supports the sentence imposed by the district court, and the court properly applied the law in imposing it.  Accordingly, the district court acted within its discretion in imposing Millard's sentence, and we affirm.

**AFFIRMED.**