# IN THE COURT OF APPEALS OF IOWA

No. 18-1936
Filed June 5, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEANGELO DESHAWN BROOKS,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.


        DeAngelo Brooks appeals the sentence imposed on his conviction for assault causing bodily injury or mental illness. **AFFIRMED.**


        Lanny M. Van Daele of Van Daele Law, LLC, North Liberty, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

DeAngelo Brooks appeals the sentence imposed after he pled guilty to assault causing bodily injury or mental illness, in violation of Iowa Code section 708.2(1) and 708.2(2) (2017), a serious misdemeanor. The district court sentenced Brooks to serve 365 days in the county jail with all but thirty days suspended. On appeal, Brooks argues the district court abused its discretion in sentencing him to thirty days in jail.

When, as here, the sentence imposed is within the statutory limits, it "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable, which occurs when the district court decision is not supported by substantial evidence or when it is based on an erroneous application of the law." *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018) (cleaned up).

The court is to select the sentence that "will provide [the] maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). It must then determine the appropriate sentence based on the individual factors of each case, though no single factor alone may be determinative. *See id.*

Brooks does not suggest the district court considered inappropriate factors, nor does he claim the court failed to provide adequate reasons for the sentence imposed. The sum and substance of his argument is that "the district court abused its discretion in providing a 30-day jail sentence based on the facts of the incident and the other factors of Brooks' sentence." Such a skimpy argument could be considered a waiver of the issue. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring appellant's brief to contain argument section presenting contentions and the reasons for them with citations to authority relied on and stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"); *Richardson v. Neppl*, 182 N.W.2d 384, 390 (Iowa 1970) ("A proposition neither assigned nor argued presents no question and need not be considered by us on review."). Nevertheless, we address the merits of Brooks's claim.

In imposing the sentence, the district court stated:

> Mr. Brooks, I've had the chance to look through your criminal history, which has included that deferred judgment [for a felony level offense in 2014] that I was speaking about before. I'm not taking into account any dismissed criminal charges or any other charges for which there was no conviction or guilty plea entered.
> Mr. Brooks, the—there is a victim impact statement on file which the Court did review prior to the sentencing hearing today. During your plea of guilt on that charge, when you entered a plea of guilty to Assault Causing Bodily Injury, you did acknowledge in that that—essentially, that the Minutes of Testimony are sufficient to support the factual basis for this charge, as well. It appears, at least, that there was a pretty significant injury, that the protected party had to be taken for medical treatment in this case. This is not your first charge of assault on your record, either. And for those reasons and those reasons alone, I am going to follow the recommendation of the State today.

Substantial evidence supports the sentence imposed by the district court, and the court provided sufficient reasons for the sentence and properly applied the law in imposing it.  We find no abuse of discretion.

Although Brooks would have preferred a different sentence, namely, thirty days in jail, suspended, and one year self-supervised probation, "mere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion."  *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

The district court acted within its discretion in imposing Brooks's sentence, and we affirm.

**AFFIRMED.**