# IN THE COURT OF APPEALS OF IOWA

No. 18-1089
Filed August 7, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DAVID LEE LEVY JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

David Levy Jr. appeals the sentence imposed following his conviction of assault on a jailer causing bodily injury. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal), and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

David Levy Jr. appeals the sentence imposed following his conviction of assault on a jailer causing bodily injury.[1]

**I. Consecutive Sentences.**

Levy first challenges the court's decision to run his sentence consecutive to the sentence imposed in another case. We presume a sentence imposed within the statutory limits is valid and will only overturn it if the sentencing court abuses its discretion or relies on inappropriate factors. *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). An abuse of discretion occurs if the sentencing court bases its decision on a legal error or if its decision is unsupported by substantial evidence. *See id.* at 564.

The court is to select the sentence that "will provide [the] maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2017). The sentencing court must make this determination based on the individual factors of each case, "including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). It must state its reasons for selecting the sentence on the record. *See* Iowa R. Crim. P. 2.23(3)(d). This statement may be concise as long as it allows the appellate courts to review the exercise of its discretion. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010).

---

[1] We filed our original opinion on July 24, 2019. Levy petitioned for rehearing, and we granted the petition.

In imposing sentence on Levy's assault conviction, the court expressed its duty to review the available "community resources and to determine what the appropriate rehabilitative plan would be, and to consider how the public and specifically correctional officers can be protected from this type of criminal activity in the future, and your willingness to accept change and treatment." The court noted it had reviewed the presentence investigation report but did not consider any unproven offenses. The court then observed:

> I find this type of charge a very serious charge when police officers, or correctional officers in this case, are doing their job and are assaulted unnecessarily. Your attorney is correct, I did not hear the evidence in this case, but a jury found you guilty beyond a reasonable doubt based on the evidence that was presented and any defense that may have been presented. What's very troubling to me today with your comments is the fact that you still do not accept any responsibility. It's very troubling to me. And it shows a lack of remorse. And it's based on that and your criminal history that I do find that it's appropriate that a two-year prison sentence be imposed in this case.

The court ordered the sentence to run consecutive with his sentence for second-degree murder reasoning that "you committed this offense while the case was pending. It is a separate and distinct act and victim from the other case, and based on your criminal history." Although Levy asks us to "require the district court to elaborate how the selected factors or reasons achieve the legislatively mandated sentencing goals of rehabilitation and protection of the community," we find the reasons provided for the court were enough to allow review. Finding no abuse of discretion, we affirm.

## II. Reasonable Ability to Pay Restitution.

Levy next contends the district court erred in assessing him court costs as part of his restitution without first determining his reasonable ability to pay

restitution. In *State v. Albright*, 925 N.W.2d 144, 158-61 (Iowa 2019), our supreme court outlined the proper procedure for ordering restitution. It clarified that the court must wait to have all the items of restitution before it to assess a defendant's reasonable ability to pay and issue a final restitution order. *See Albright*, 925 N.W.2d 160-162. We therefore vacate the portion of the sentencing order assessing costs of the action, surcharges, and fees to Levy pending completion of a final restitution order and assessment of Levy's reasonable ability to pay.

**III. Appellate Attorney Fees.**

Finally, Levy challenges the portion of the court's sentencing order requiring that he request a hearing on his reasonable ability to pay appellate attorney fees within thirty days of issuing procedendo following an appeal or be assessed the full amount. Our supreme court has noted the district court must determine a defendant's reasonable ability to pay any future attorney fee it assesses without requiring the defendant to request a hearing on the ability to pay. *See State v. Coleman*, 907 N.W.2d 124, 149 (Iowa 2018). Thus, we vacate this portion of the sentencing order and remand for entry of a corrected order.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**