# IN THE COURT OF APPEALS OF IOWA

No. 19-1046
Filed April 14, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BRADLEY STEPHEN DAVISSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, James B. Malloy, District Associate Judge.

Bradley Davisson appeals the sentence imposed after he pled guilty to assault causing bodily injury or mental illness. **AFFIRMED.**

John L. Dirks of Dirks Law Firm, Ames, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Bradley Davisson appeals the sentence imposed after he pled guilty to assault causing bodily injury or mental illness.[1]  The district court sentenced Davisson to a jail term of one year, suspending all but sixty days, with credit for time served.  The court also imposed a term of probation not to exceed one year.  On appeal, Davisson argues the district court failed to state sufficient reasoning in support of its sentence and abused its discretion in denying his request for a sixty-day sentence.[2]

When, as here, the sentence imposed is within the statutory limits, it "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable, which occurs when the district court decision is not supported by substantial evidence or when it is based on an erroneous application of the law."  *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018) (cleaned up).

We first consider whether the district court provided sufficient reasoning for imposing its sentence.  "Although the reasons need not be detailed, at least a

---

[1] Iowa Code section 814.6 (Supp. 2019), which prohibits appeals from guilty pleas (except for class "A" felonies) unless a defendant establishes good cause, does not apply to this case because the district court entered judgment and sentence prior to the section's effective date.  *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

[2] Prior to sentencing, as a part of a plea deal, Davisson and the State agreed to recommend a sixty-day sentence to the court.

cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). At the sentencing hearing, Davisson's extensive criminal history and "pretty significant" mental-health issues were discussed. The district court told Davisson it was appropriate to have him on supervised probation. Davisson objected. The court stated, "The nature of the offense, the facts of your case, lead me to believe that it is appropriate to *try to help you out to give you someone to supervise you*, to try to make sure that you get on the right road to not making mistakes out there, and to that end what I'll do is impose a one-year county jail sentence." (emphasis added). The district court considered the plea agreement but found that the best interests of Davisson would be met by providing additional supervision in the form of probation. Although this reasoning is stated succinctly, it is sufficient to afford review.

We next turn to the issue of whether the district court abused its discretion in denying the joint recommendation for a sixty-day sentence. The court is to select the sentence that "will provide [the] maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5 (2019). "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). It must then determine the appropriate sentence based on the individual factors of each case, though no single factor alone may be determinative. *See id.*

In sentencing Davisson, the district court expressed that the nature of the assault favors imposing probation, stating in relevant part:

> The nature of the offense, the facts of your case, lead me to believe that it is appropriate to try to help you out to give you someone to supervise you, to try to make sure that you get on the right road to not making mistakes out there, and to that end what I'll do is impose a one-year county jail sentence. I'll suspend all but 60 days of that sentence, give you credit for time served.

The sentencing court had questioned Davisson about his drug usage, prior criminal history, temporary and permanent housing, and his ability to hold a job. Davisson argues "none of the answers provided justified a deviation from the [S]tate's recommendation." We disagree. The record shows that Davisson has had past issues with managing his mental-health medications and was inconsistent with following prior probation protocols. Because the district court properly exercised its discretion in imposing Davisson's sentence, we affirm.

**AFFIRMED.**