# IN THE COURT OF APPEALS OF IOWA

No. 23-1950
Filed October 30, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALFRED ALI MOHAMMAD YOUNES,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Jason A. Burns, Judge.

A criminal defendant appeals the sentence imposed by the district court. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

Alfred Younes pleaded guilty to one count of escape from custody as an aider and abettor, a class "D" felony, in violation of Iowa Code section 719.4(4) (2023). He and his wife helped their son leave the country while the son was on pretrial release to avoid trial on pending felony charges for attempted murder, first-degree robbery, and first-degree theft. The district court sentenced Younes to a term of imprisonment not exceeding five years and a fine. Younes appeals. He challenges his sentence, arguing the district court erred by relying on community deterrence as the only factor in determining his sentence.[1]

When, as here, the sentence imposed is within statutory limits, we review for abuse of discretion. *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024). The decision to impose a sentence that falls within statutory limits has a strong presumption in its favor and will only be overturned for an abuse of discretion or the consideration of an improper factor. *Id.*

The goals of sentencing are to "provide maximum opportunity to rehabilitate the defendant and to protect the community." *Damme*, 944 N.W.2d at 106. Sentencing courts are to consider the nature and circumstances of the offense, characteristics of the offender, prior criminal record, employment status, family circumstances, and other relevant factors that would satisfy the goals of

---

[1] Because Younes challenges his sentence rather than his guilty plea and the sentence was neither mandatory nor agreed-upon, he has established good cause that permits us to hear his appeal despite his guilty plea. *See State v. Damme*, 944 N.W.2d 98, 100, 105 (Iowa 2020) (interpreting Iowa Code section 814.6(1)(a)(3)).

sentencing. *Id.* But the court is not permitted to consider only a single factor. *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994).

The court fulfilled its obligation here. The court explicitly considered multiple factors when determining the sentence by stating, "The reasons for this sentence are the nature and circumstances of the offense; the personal characteristics of yourself, Mr. Younes; the court believes that this sentence will hold you accountable, but more than that, serve as a deterrent for future offenses by other people in similar situations." Younes argues the mention of the factors other than community deterrence was merely cursory. He points to mitigating factors, including his education, employment history, family responsibilities, and lack of criminal history.

We are not persuaded by Younes's argument. The court received the presentence investigation report (PSI), to which Younes made no objection relevant to this appeal. The PSI included details about all the mitigating details Younes highlights. We view the court's reference to Younes's "personal characteristics" as an acknowledgment of these details, even though terse. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (finding a "terse and succinct" statement sufficient "when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court").

Additionally, the court noted the "nature and circumstances of the offense." Younes's written guilty plea acknowledged that the minutes of testimony were substantially correct insofar as necessary to provide a factual basis for his guilty plea. The minutes reveal that Younes's son was charged with attempted murder based on allegations that he tackled a woman, strangled her into

unconsciousness, and stole her earrings. While the son was on supervised pre-trial release, Younes sold the family vehicle, rented a van, and drove the son to an airport where the son boarded an international flight. When questioned, Younes lied to the police and told them the son had been left at home and likely committed suicide. Soon after, Younes booked his own one-way ticket out of the country before being apprehended at the airport.

Younes emphasizes that his culpability was limited to that of an aider and abettor in the crime of escape. While that is true, he still came up with a plan to aid his son, lied to law enforcement, and attempted to leave the country before his involvement was discovered. These were the nature and circumstances of the offense the court cited as one factor in arriving at Younes's sentence.

We understand Younes's argument to be that the court considered community deterrence as the only factor in arriving at the sentence, rather than arguing that community deterrence was an improper factor.[2] As discussed, the court considered the mitigating factors Younes claims it ignored and considered other factors in arriving at the sentence. Even though it emphasized the need for community deterrence in its reasoning, the court made it clear the prison sentence was based on the consideration of multiple sentencing factors.

Finding no abuse of discretion, we affirm.

**AFFIRMED.**

---

[2] Nor could Younes persuasively argue that community deterrence is not a proper sentencing factor. *See State v. Jones-Baker*, No. 22-0105, 2022 WL 3072056, at *2 (Iowa Ct. App. Aug. 3, 2022) (recognizing both general and specific deterrence as proper sentencing factors).