# IN THE COURT OF APPEALS OF IOWA

No. 25-0585
Filed February 11, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Alfredo Lorenzo Pena,**
Defendant–Appellant.

Appeal from the Iowa District Court for Polk County,
The Honorable Gregory D. Brandt, Judge.

**AFFIRMED**

Katherine R.J. Scott of New Point Law Firm, PLC, Ames, attorney for
appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Tabor, C.J., Langholz, J., and Bower, S.J.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

While on probation for his second operating-while-intoxicated conviction, Alfredo Lorenzo Pena again operated a motor vehicle while intoxicated. He pleaded guilty to operating while intoxicated, second offense, pursuant to a plea agreement that the parties would recommend probation and a two-year indeterminate prison sentence with all but forty-two days already served suspended. Lorenzo Pena requested immediate sentencing. But as the district court was about to impose sentence, it explained:

> Well, I don't know why I would possibly keep you on probation, when you're on probation for an OWI second, which one of the conditions is, you're not even supposed to be consuming alcohol, and then you go and consume alcohol and get arrested again for another OWI. So, I don't, quite honestly, understand the recommendations of the parties in this matter, I do not see how they are remotely appropriate in this particular case.

Still, the court offered that if Lorenzo Pena wanted to postpone completing sentencing for one week so that his attorney could "get the recommendation from the probation officer, I'd be interested to see what they have to say, but short of that, I don't know why I would possibly keep your client on probation." Lorenzo Pena agreed. And his attorney told the court that he would "reach out to his probation officer, see if they are still willing to work with him, [and] get that information to the Court."

A week later, the sentencing continued. Lorenzo Pena's attorney informed the court:

> As you're aware, we did make our arguments last week, the matter was continued to get the position on probation, regarding their willingness to work with Mr. Lorenzo Pena, again.
>
> On March 3rd, I did reach out to his probation officer . . . [and] she replied that they were no longer willing to work with him, as he'd been absconded for almost a year, entertain [sic] the new OWI charge pending.

2

The State stood by its recommendation despite this new information. And the court then asked, "Mr. Lorenzo Pena, anything you'd like to say prior to The Court imposing sentence?" And Lorenzo Pena answered, "No." The court then reasoned:

> Well, Sir, you are currently on probation for an OWI Second Offense charge, according to your probation officer, you have been absconded on that probation for almost a year, and in the process, picked up a new charge of Operating a Motor Vehicle Under the Influence, Second Offense. I do not see any reason why another probation would be appropriate in this particular case since you did not avail yourself of the opportunity for probation in the first case.

And so, the court sentenced Lorenzo Pena to a two-year indeterminate prison sentence with credit for his time already served.

Lorenzo Pena now appeals his sentence, arguing that the district court (1) improperly considered unproven conduct when it relied on his attorney's statement about why the probation officer was unwilling to work with him again; (2) violated Iowa Rule of Criminal Procedure 2.23(2)(b) by failing to ask whether Lorenzo Pena had "any legal cause to show why judgment should not be pronounced" before imposing sentence; and (3) violated Iowa Code section 901.5(7) (2025) by failing to inform Lorenzo Pena of his mandatory minimum sentence of seven days. His arguments all fail.

## I.    Consideration of Unproven Conduct.

A district court "cannot consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up). Relying on an improper consideration in sentencing is an abuse of discretion that requires resentencing, "even if it was merely a secondary consideration." *Id.* at 618 (cleaned up). But a defendant

3

has the burden to "show that the sentencing court relied on improper evidence." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

"When a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *Schooley*, 13 N.W.3d at 618 (cleaned up). A court may properly consider criminal conduct admitted on the record at sentencing by defense counsel and left uncorrected by the defendant. *See State v. Fetner*, 959 N.W.2d 129, 135–36 (Iowa 2021). This is because "counsel's statements on the record at sentencing are akin to a professional statement," which has "the effect of an affidavit." *Id.* at 135 (cleaned up).

Lorenzo Pena argues that the district court could not rely on his counsel's statement his probation officer was "no longer willing to work with him, as he'd been absconded for almost a year." But his counsel made that statement on the record, without any added qualification that Lorenzo Pena disagreed with the probation officer's assertion that he had absconded for nearly a year. And Lorenzo Pena did not correct the statement even though he was given the chance immediately after to tell the court anything he wanted. What's more, he had agreed to a one-week delay in sentencing expressly for the purpose of his counsel reaching out to the probation officer and reporting back to the district court. Under these circumstances, the district court could properly consider the statement about Lorenzo Pena's conduct. *See id.* at 135–36. The court did not abuse its discretion in doing so.

## II.    Compliance with Rule 2.23(2)(b).

Lorenzo Pena next argues that the district court failed to comply with Iowa Rule of Criminal Procedure 2.23(2)(b). That rule provides: "When the defendant appears for judgment, the court shall . . . ask whether the

4

defendant has any legal cause to show why judgment should not be pronounced." Iowa R. Crim. P. 2.23(2)(b). And rather than asking that precise question, the district court asked: "Mr. Lorenzo Pena, anything you'd like to say prior to the Court imposing sentence?"

But the court's version of the question still substantially complied with rule 2.23(2)(b). *See State v. Jackson-Douglass*, 970 N.W.2d 252, 258 (Iowa 2022). Our supreme court has rejected Lorenzo Pena's "hyperliteral reading of the rules of procedure," and has "repeatedly stated that the trial court need not use the exact language in the rules of criminal procedure at sentencing." *Id.* "The important thing is whether the defendant is given *an opportunity* to volunteer any information helpful to the defendant's cause." *Id.* (cleaned up). And so, the supreme court has held that a district court which asked "Is there anything you would like to say to the court before I pronounce sentence," and one that asked if there is "anything [you'd] like to tell the Court?" both substantially complied with the rule. *Id.* So too here.

## III. Compliance with Iowa Code Section 901.5(7).

Finally, Lorenzo Pena contends that the district court violated Iowa Code section 901.5(7) because it failed to inform him that his mandatory minimum sentence—which he had already served and was given credit for—was seven days of imprisonment. [1] *See* Iowa Code § 321J.2(4)(a).

---

[1] The State argues that Lorenzo Pena failed to preserve error by moving for arrest of judgment. But as this is a procedural-defect sentencing challenge, we disagree. *See State v. Chawech*, 15 N.W.3d 78, 84–85 (Iowa 2024). The State's reliance on *State v. Ross* is unavailing because there the court required error preservation on a claim that "the district court failed to inform [the defendant] *at the time of his guilty plea* that a mandatory minimum sentence would be applied." 729 N.W.2d 806, 808 n. 1 (Iowa 2007) (emphasis added). True, the court noted that the defendant framed his guilty-plea challenge as a violation of section 901.5(7) in his pro se brief. But that stray mention of a self-represented

Section 901.5(7) provides that "[a]t the time fixed by the court for pronouncement of judgment and sentence . . . [t]he court shall inform the defendant of the mandatory minimum sentence, if one is applicable." *Id.* § 901.5(7). And Lorenzo Pena is correct that the court never mentioned the seven-day mandatory minimum.

Assuming that a mandatory minimum is still "applicable" under the statute even when the minimum has already been satisfied by time served at the time of sentencing, the court's failure to comply with that duty here does not invalidate his sentencing. Lorenzo Pena points us to no case vacating a sentence for a violation of section 901.5(7). Indeed, neither we nor the parties have identified a case even considering the merits of a sentencing challenge under that subsection of the statute.

But the supreme court rejected a similar challenge based on another subsection of the same statute requiring the court to "publicly announce . . . [t]hat the defendant may be eligible for parole before the sentence is discharged." *Id.* § 901.5(10)(b); *see State v. Johnson*, 513 N.W.2d 717, 720 (Iowa 1994). The court explained that "to invalidate proceedings taken in disregard of stated procedural requirements, it must be determined that the omitted duty is essential to accomplishing the purpose of the statute as applied to the party seeking to take advantage of the omission." *Id.* And it reasoned that the statute's duty there, while essential to the goal of "inform[ing] the public of the true dimension of the sentence imposed," had "no function in imparting information to the defendant that is necessary for a valid plea and sentencing" because now-rule 2.8(2)(b)(2) "which operates at the time of the plea" governs "imparting that information" to the

---

litigant's framing of an unpreserved claim does not trump the court's more recent guidance on the error-preservation rules at sentencing. *See Chawech*, 15 N.W.3d at 84–85.

defendant. *Id.*; *see also* Iowa R. Crim. P. 2.8(2)(b)(2) (requiring the court, before accepting a guilty plea, to "inform[] the defendant of, and establish[] that the defendant understands, . . . [t]he statutory maximum and minimum penalties for the offense to which the plea is offered").

The same logic applies here. Although subsection 7 speaks of informing the defendant rather than publicly announcing, it is still the guilty-plea procedures rather than the sentencing procedures that are focused on ensuring the defendant is aware of the mandatory parameters of the sentence. *See Johnson*, 513 N.W.2d at 720. And where, as here, no additional mandatory minimum prison sentence applies beyond the time that the defendant has already served and been credited, informing the defendant of that fact serves no function that is so essential that the sentencing proceeding should be invalidated. *Cf. id.* We thus reject Lorenzo Pena's section 901.5(7) challenge.

Because none of Lorenzo Pena's challenges to the district court's sentencing discretion prevail, we affirm his sentence.

**AFFIRMED.**