# IN THE SUPREME COURT OF IOWA

No. 19–1425

Filed May 29, 2020

**STATE OF IOWA,**

Appellee,

vs.

**BRYAN DWIGHT HENDERSON,**

Appellant.

_____

Appeal from the Iowa District Court for Linn County, Fae Hoover-Grinde, Judge.

Defendant appeals sentence imposed after conviction based on guilty plea, and State argues lack of good cause to appeal under Iowa Code section 814.6 (2019). **AFFIRMED.**

Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Zachary Miller, Assistant Attorney General, Jerry Vander Sanden, County Attorney, Nicholas G. Maybanks, Assistant County Attoney, for appellee.

**PER CURIAM.**

In this appeal, the defendant challenges the sentence imposed after he pled guilty. The State argues his appeal must be dismissed because the defendant has not shown good cause to appeal, as required under a recent amendment to Iowa Code section 814.6 (2019). We adjudicated the new "good cause" requirement to appeal the sentence imposed on a conviction after a guilty plea in another decision we file today, *State v. Damme*, ___ N.W.2d ___, ___ (Iowa 2020). In *Damme,* we held that "good cause" means a "legally sufficient reason" and that the good-cause requirement is satisfied "when the defendant challenges his or her sentence rather than the guilty plea." *Id.* at ___. There, the defendant appealed a sentence that was neither mandatory nor agreed to in the plea bargain, and she did not challenge her guilty plea or conviction. *Id.* at ___. We therefore declined to dismiss the appeal and decided the defendant's challenge to her sentence imposed on the merits. *Id.* at ___. We reach the same conclusion here.

On March 12, 2017, thirteen-year-old L.H. was at her grandfather's house in Cedar Rapids to care for his dogs while he was in a nursing home. Bryan Dwight Henderson, her grandfather's neighbor, was outside and asked her to help him carry a toolbox into his house. L.H. knew Henderson because she was friends with his teenage daughter. L.H. helped him with the toolbox, and they talked in his kitchen. Henderson then molested L.H.

Five months later, on August 3, L.H.'s mother, Amber Haufle, reported the incident to the Cedar Rapids police. L.H. told her mother about the incident after seeing flirty text messages from Henderson to Haufle. L.H. said she had not previously said anything because of her grandfather's condition and her desire to avoid adding to her mother's stress level.

On April 25, 2018, Henderson was charged with one count of dissemination/exhibition of obscene material to minors in violation of Iowa Code section 728.2 and one count of sexual abuse in the third degree in violation of sections 709.1, 709.4(1)(*b*)(2), and 903B.1 (2017). On May 6, 2019, pursuant to a plea agreement, Henderson entered into an *Alford*[1] plea to a lesser charge of indecent contact with a child in violation of sections 709.1 and 709.12(1)(*d*), an aggravated misdemeanor. The parties agreed to dismiss the other two charges. The parties did not agree on a recommended sentence: the State was free to argue for a term of imprisonment, and Henderson was free to argue for probation but not a deferred judgment. The agreement also stipulated a five-year no-contact order, a ten-year special term of parole, and a requirement to register as a sex offender for ten years. On May 7, an amended trial information was filed that charged Henderson with an additional count of indecent contact with a child in violation of sections 709.1 and 709.12(1)(*d*).

The sentencing hearing was held on August 26. L.H. was present, but Haufle read L.H.'s victim-impact statement to the court. The State moved to dismiss the charges of sexual abuse in the third degree and dissemination/exhibition of obscene materials to minors pursuant to the plea agreement. The State discussed the crime's deep impact on L.H. and recommended a prison sentence for Henderson. Henderson submitted letters of support as exhibits, described his familial and work situation, and asserted that he would do well on supervised probation. Henderson read his own statement to the court. Henderson requested that the court sentence him to a suspended prison term with two years of supervised probation.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

Pursuant to the plea agreement, the court dismissed the charges of sexual abuse in the third degree and dissemination/exhibition of obscene materials to minors. The court sentenced Henderson to two years in prison for the charge of indecent contact with a child and to ten years special parole after completion of his prison term. Henderson must also register as a sex offender for ten years and complete the sex offender treatment program. The sentencing court described its reasons for the sentence,

> The reasons for the Court's sentence today include the nature of the charge. I have reviewed Mr. Henderson's prior criminal history. This is the second offense involving — an offense involving a minor. The Court finds that imposing a prison term will certainly hold Mr. Henderson accountable for his behavior and it will deter others in the community from similar behavior.

The court also stated in its order that it believed "this sentence will provide the greatest benefit to the Defendant and the community." The court stated it had "considered th[e] parties' plea agreement," and the order advised Henderson "that he may appeal only upon a showing of good cause, subject to the limitations set forth in Iowa Code Section 814.6(1)(*a*)." The court determined Henderson did not have the reasonable ability to pay, and it suspended any fines and authorized community service as a method of paying any remaining costs. Finally, the court entered a five-year no-contact order between Henderson and L.H.

Henderson appealed the same day. The State filed a motion to dismiss the appeal, citing section 814.6(1)(*a*)(3)'s limitation on an appeal from a guilty plea absent good cause and arguing that entering an *Alford* plea is not good cause to appeal. Henderson resisted the motion and argued he had shown good cause. We submitted the motion to dismiss with the appeal and retained the case.

Henderson received a discretionary sentence that was neither mandatory nor agreed to as part of his plea bargain. Henderson is challenging that sentence and asking for resentencing, but he does not challenge his guilty plea or conviction. As in *Damme*, we decline to dismiss Henderson's appeal and instead conclude he has satisfied the good-cause requirement to challenge his sentence as an abuse of discretion. On the merits, his challenge fails, and we affirm his sentence.

Specifically, Henderson asserts the court abused its discretion by failing to address various potential mitigating factors, making insufficient findings on the record to support the sentence, referring to an impermissible sentencing factor (Henderson's prior offense of child endangerment), and failing to advise Henderson as required under Iowa Code section 901.5(9). We have held that a "terse and succinct statement is sufficient . . . when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015); *see also State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981) (holding that the court's obligation to state its reasons for the sentence was satisfied because "it is clear from the trial court's statement exactly what motivated and prompted the sentence"). The court explained its reasons for the sentence imposed, and Henderson's claims that it failed to consider mitigating factors and made insufficient findings on the record lack merit.

Prior convictions are valid sentencing considerations. Iowa Code § 907.5(1)(*b*). Henderson had a prior conviction for child endangerment under Iowa Code section 726.6(7), which involved a minor. The court did not misstate nor improperly rely on this prior conviction. Lastly, Henderson correctly notes that the court did not inform him about statutory earned-time credit under section 901.5(9), but this does not

warrant resentencing. *See State v. Johnson*, 513 N.W.2d 717, 720 (Iowa 1994) (per curiam) (holding that informing a defendant of the potential for sentence reduction under section 901.5(9) is not "necessary for a valid plea and sentencing").

Henderson also argues that the court failed to follow the procedure for victim statements provided by section 901.4B by allowing the State and victim to speak before him.[2]  Because this is a challenge to the procedure at sentencing, Henderson had to preserve error. *State v. Gordon*, 921 N.W.2d 19, 23 (Iowa 2018).  Henderson failed to preserve error on this issue because he did not object at sentencing when the court allowed the victim and the State to speak before he spoke.  Therefore, this claim is not preserved, and we do not consider it.

**AFFIRMED.**

This opinion shall not be published.

---

[2]Iowa Code section 901.4B reads,

> 1.  Before imposing sentence, the court shall do all of the following:
>
> *a.* Verify that the defendant and the defendant's attorney have read and discussed the presentence investigation report and any addendum to the report.
>
> *b.* Provide the defendant's attorney an opportunity to speak on the defendant's behalf.
>
> *c.* Address the defendant personally in order to permit the defendant to make a statement or present any information to mitigate the defendant's sentence.
>
> *d.* Provide the prosecuting attorney an opportunity to speak.
>
> 2.  After hearing any statements presented pursuant to subsection 1, and before imposing sentence, the court shall address any victim of the crime who is present at the sentencing and shall allow any victim to be reasonably heard, including but not limited to by presenting a victim impact statement in the manner described in section 915.21.
>
> 3.  For purposes of this section, "victim" means the same as defined in section 915.10.