# IN THE COURT OF APPEALS OF IOWA

No. 21-1304
Filed June 15, 2022

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**JOSEPH IRVIN NEWSOM,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Clinton County, Tamra Roberts, Judge.


　　　A defendant appeals his sentence following a guilty plea. **AFFIRMED.**


　　　Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

　　　Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


　　　Considered by May, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

When Joseph Newsom botched his pretrial release following a March 2021 arrest for driving while barred and possession of methamphetamine, he learned that attaining a deferred judgment might become a more difficult road to travel. After receiving pretrial release, Newsom attended his initial visit with his pretrial-release officer but then failed to report back. Newsom was then arrested three additional times, which included a methamphetamine offense that led to an arrest in May 2021. Ultimately, he filed a written guilty plea in July, pleading guilty[1] to possession of methamphetamine with the intent to deliver, possession of methamphetamine, second-degree theft, and driving while barred. The plea agreement confirmed that the State would recommend incarceration for a term not to exceed fifteen years—with the possession-with-intent-to-deliver charge running consecutively to the concurrent sentences on the remaining charges. The State followed this course at the sentencing hearing in August.

Newsom, for his part, argued for a deferred judgment. His sister testified on his behalf, explaining that addiction had taken much from Newsom and his family in the past years, but she believed he had turned a corner. She committed to helping Newsom get to appointments or treatment as necessary. Newsom also pointed to a number of health concerns he was experiencing and the many years that had passed between his previous arrest and these most recent charges.[2]

---

[1] It is undisputed that, despite his guilty plea, Newsom has good cause to appeal his sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

[2] Newsom received a deferred judgment in 1994, which was discharged in 1998. He also pleaded guilty to an out-of-state charge in 2005.

The sentencing court noted the case was hard to decide and that it was glad for the support system Newsom would have if he returned to the community. Still, in the sentencing colloquy, the court explained that it was concerned about Newsom's track record while on pretrial release. In discussing this further, the sentencing court noted:

> I really—I know you don't have a long criminal history, but it's really hard to send you to probation because of your unwillingness to take advantage of the resources that are in the community. And, essentially, you exhausted those by your choice when you were given a chance to do that, so the Court, unfortunately, thinks that the best rehabilitation for you will be to go through the prison system.

Considering rehabilitation, along with Newsom's age, substance abuse, criminal history, support system, and health issues, along with the nature of the offense, the need for deterrence, and the fact that there was criminal activity in the midst of his pretrial release, the district court decided against a deferred judgment. It sentenced Newsom to concurrent sentences for a term of imprisonment not to exceed ten years. Newsom now appeals.

We review a criminal sentence for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). An abuse of discretion occurs when the sentence was determined based on "grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). As was the case here, when the given sentence "falls within the statutory parameters, we presume it is valid." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015) (citation omitted). This presumption is overcome only by "an affirmative showing the sentencing court relied on improper evidence." *Id.*

We find no abuse of discretion in the sentencing order. The sentence was crafted based on the specific circumstances of Newsom's charges, including his continued criminal activity while on pretrial release and his active substance abuse. *See State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994) (allowing a sentencing court to consider substance abuse); *see also State v. Glasgow*, No. 19-1858, 2021 WL 2134997, at *3 (Iowa Ct. App. May 26, 2021) (noting violations while on pretrial release is an allowable sentencing consideration in favor of incarceration over probation). Additionally, the court considered what was best for Newsom's rehabilitation and the prevention of further crime; it concluded these aims were best served by imprisonment. *See State v. McCalley*, 972 N.W.2d 672, 679 (Iowa 2022) ("A sentencing court is free to imprison an individual if the sentencing court determines that alternatives to imprisonment are inadequate 'in a particular situation to meet the State's interest in punishment and deterrence.'" (citation omitted)).

While Newsom argues the sentencing court's order was not thorough enough, the sentencing court need not be detailed in its explanation. *See State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) ("Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action."). Here, the sentencing court explained the factors it considered and provided sufficient reasons to support its chosen outcome, which falls within the statutory parameters. As such, we affirm the sentence.

**AFFIRMED.**