# IN THE COURT OF APPEALS OF IOWA

No. 23-0213
Filed September 27, 2023

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**AUSTIN DEAN MAHANA,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Cerro Gordo County, Chris Foy,

Judge.


　　　　Austin Mahana appeals his sentence imposed by the district court.

**AFFIRMED.**


　　　　Martha Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant

Appellate Defender, for appellant.

　　　　Brenna Bird, Attorney General, and Nicholas E. Siefert and Kyle Hanson,

Assistant Attorneys General, and Morgan Smith, Law Student, for appellee.


　　　　Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Austin Mahana appeals his sentence after pleading guilty to one count of criminal mischief in the first degree. Mahana contends the district court abused its discretion by sentencing him to a residential correctional facility. Because the district court did not abuse its discretion, we affirm.

## I.    *Background Facts and Proceedings.*

Mahana's conviction and sentence stem from a payment dispute. Believing he was owed money for work he performed, Mahana entered the victim's garage. He admitted to damaging or destroying the victim's mailboxes, garage windows, and body panels of his car. As a result, Mahana was charged with criminal mischief in the first degree, burglary in the third degree, criminal mischief in the second degree, and criminal mischief in the third degree.

Mahana pled guilty to first-degree criminal mischief. In exchange, the State dismissed the remaining charges. At the plea hearing, the district court ordered a pre-sentence investigation report (PSI) because Mahana had pled guilty to a felony. In accordance with the plea agreement, the State sought imposition of the PSI's sentencing recommendation at the sentencing hearing. Mahana instead argued for a suspended sentence and probation for three to five years.

The district court ultimately sentenced Mahana in accordance with the PSI's sentencing recommendation. This included a ten-year suspended prison sentence, probation for five years, and placement at a residential correctional facility for 180 days or until maximum benefits could be achieved. Mahana only contests the final condition, alleging the district court abused its discretion by imposing the residential requirement.

## II.     *Scope and Standard of Review.*

We review sentencing rulings for correction of errors at law.  *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).  We will affirm unless there is "an abuse of discretion or some defect in the sentencing procedure."  *Id.* (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)); *see also id.* at 105–06 (finding there is a "strong presumption" in favor of the district court determination).  "Our task on appeal is not to second-guess the sentencing court's decision."  *Id.*  We do not conclude one specific sentencing option is preferable to another.  *Formaro*, 638 N.W.2d at 725.  Instead, we consider if "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable."  *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citation omitted).

## III.     *Discussion.*

Mahana alleges the district court abused its discretion in sentencing him because it failed to take into account certain mitigating factors.  In sentencing decisions, the district court considers all relevant circumstances for each individual case.  *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994).  This can include factors such as "the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform."  *Id.*  "[N]o single factor alone is determinative."  *Id.*  Whether the sentence satisfies the societal goals of sentencing is also considered.  *Damme*, 944 N.W.2d at 106.  These goals include "provid[ing] maximum opportunity to rehabilitate the defendant and [protecting] the community."  *Id.* (citing Iowa Code § 901.5 (2019)).

In making its decision, we find that the district court properly considered the applicable factors.  In its ruling, it mentioned Mahana's relatively young age, limited

criminal history, and prior success on probation as being positive factors. *See Johnson*, 513 N.W.2d at 719. But the court also noted the violent nature of the crime itself and the lack of impulse control Mahana showed. *See id.* The choice to adopt the PSI's sentencing recommendation was motivated by its likelihood of exposing Mahana to effective methods of dealing with difficult emotions and providing some structure and accountability. There is no evidence that the district court's reasoning was somehow unreasonable or untenable. *See Gordon*, 921 N.W.2d at 24. Because we find that the district court did not abuse its discretion, we affirm Mahana's sentence.

**AFFIRMED.**