# IN THE COURT OF APPEALS OF IOWA

No. 23-1869
Filed July 24, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DONROY ROBERT MERRIVAL JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Thomas Reidel, Judge.

A defendant appeals the sentences imposed following his guilty pleas. **AFFIRMED.**

Austin Jungblut of Parrish Kruidenier L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Donroy Merrival Jr. appeals his sentences following his guilty pleas. He argues the district court abused its discretion in sentencing him to a period of incarceration rather than probation based on the use of boilerplate language and by considering only the nature of the offense.

## I.      Background Facts and Proceedings

Merrival, age fifty-five, sent pictures of his genitals and a video of himself masturbating over social media to an individual he believed to be a fourteen-year-old girl. He also made arrangements to meet the teenager. But the individual Merrival had been communicating with was Detective Bell of the Muscatine County Sheriff's Department, who was working as an undercover officer. Law enforcement apprehended Merrival when he was on his way to meet the individual he believed was the teenager. He was arrested for enticing a minor under the age of sixteen, in violation of Iowa Code section 710.10(2) (2024), a class "D" felony, and disseminating obscene material to a minor, in violation of section 728.2, a serious misdemeanor.

Merrival later pled guilty to both counts. The plea agreement provided for open sentencing, with each party permitted to make sentencing recommendations. The district court sentenced Merrival to a term not to exceed five years for Count 1 and a term not to exceed one year for Count 2, to run concurrently. Merrival appeals his sentences.

## II.      Standard of Review

We review a criminal sentence for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[T]he decision of the district court to

impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *Id.* A sentence will only be overturned for an abuse of discretion. *Id.* An abuse of discretion is found when the reasons for the sentence were unreasonable or untenable. *Id.*

### III. Analysis

When sentencing a defendant, the district court considers a list of pertinent factors, including the defendant's age, criminal record, nature of the offense, employment and family circumstances, and propensities to reform. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979). The court should also consider "the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *Formaro*, 638 N.W.2d at 724.

To allow an adequate review of a district court's sentencing discretion, the court must give reasons for selecting the sentence. *State v. Thompson*, 856 N.W.2d 915, 918–19 (Iowa 2014). However, the court may give a concise and succinct statement of the reasons driving the sentencing decision. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Iowa Rule of Criminal Procedure 2.23(3)(d) requires a sentencing court to "state on the record its reason for selecting the particular sentence."

Merrival argues the district court abused its discretion because it used boilerplate language and only considered the nature of his offense. But the record before us belies both of Merrival's assertions.

The court began the explanation of the factors it considered in imposing Merrival's sentences: "I look at the seriousness of the crime, the effect that this

crime has upon members of the community, your willingness to accept change and treatment, and what we have available within the community to assist you in this process." The court also noted, "I look first at the least restrictive alternatives before moving on to the more restrictive."

The district court stated it had reviewed Merrival's presentence investigation report (PSI), which included relevant sentencing factors like age, employment status, and criminal record. *See State v. Wright*, No. 21-1821, 2023 WL 152773, at *3 (Iowa Ct. App. Jan. 11, 2023) (reviewing PSI includes pertinent factors required for sentencing consideration). The court stated, in part:

> I have reviewed your entire [PSI] and have considered the information therein. However, I've not given any consideration to any entries in the criminal history section that do not show either an admission or an adjudication of guilt.
> Obviously, this case involves enticing a minor for a sexual purpose and dissemination of obscene materials. It's a very serious crime that has a very strong and lasting impact upon members of the community in a negative way.
> Certainly, children or minors need to be protected from this type of action and are often unable to protect themselves. The fact that this was more of a sting operation than an actual minor has no bearing on the Court's determination, as you did not know that and your intent was the same.
> Your criminal record, while they're not the most serious charges, it certainly is prolific. It started in 1989. It runs seven pages of the PSI. The Court does note from the PSI that you have mental health and substance abuse issues. The Court considers those to be mitigating rather than aggravating, but I do note that we've tried a multitude of community resources to help you, and unfortunately those have not been successful.
> The Court does believe that for the protection of the community, to give you the opportunity to maximize your own rehabilitation, and to deter this type of conduct in others, that incarceration is appropriate.

We conclude that the district court did not limit the sentencing factors to boilerplate language. The district court's use of typical sentencing language does

not trigger an abuse of discretion so long as the decision is individualized. *See State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994) ("Each sentencing decision must be made on an individual basis."). The court measured Merrival's circumstances, the nature of his offense, the need for rehabilitation, and deterrence in reaching the imposed sentences.

And given the court's reasoning, we also reject the argument that the district court considered only the nature of the offense. The district court concluded incarceration was the more appropriate option given previous failed rehabilitation attempts, after consideration of the relevant sentencing factors, including mitigating factors. We determine no abuse of discretion and affirm.

**AFFIRMED.**